[No. 4590–1.   Division One.   July 25, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. CLAY PAUL BURLESON, ET AL, *Appellants*.

*Alfieri & Pittle* and *Ralph D. Pittle,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Following a trial to the court, Clay Paul Burleson and Nina Lorraine Burleson (defendants) were found guilty of violating the Uniform Controlled Substances Act, RCW 69.50. They appeal.

Seattle police officers entered the defendants' apartment with a search warrant. On a shelf next to a hall closet they found containers of heroin. In the living room they found 43 grams of marijuana on the coffee table and another 40 grams under the couch. The defendants were charged with felonious possession, count 1, being based on the heroin, and count 2 on the marijuana. RCW 69.50.401(c).

The search warrant was issued by a magistrate based on a detective's affidavit containing information furnished by a confidential informant who claimed to have recently seen the defendants trafficking in heroin from their apartment.

In pretrial proceedings and at the trial, it was the defendants' theory that the confidential informant was one James Harrison, who they claimed brought the heroin to their apartment and planted it there. The State's theory was that the defendants were retailers of heroin which Harrison wholesaled.

The defendants were acquitted of possession of heroin as charged in count 1 but convicted of possession of marijuana as charged in count 2.

Three issues are dispositive of the defendants' appeal.

## ISSUES

ISSUE ONE. Did the trial court err in conducting an in camera inquiry into the nature of the evidence furnished to the police by the confidential informant, and in then refusing to require the State to identify the informant?

ISSUE TWO. Did the trial court err in refusing to suppress the evidence seized following the search of the defendants' apartment?

ISSUE THREE. Was it error for the trial court to refuse to dismiss the charges against the defendants when the State

did not produce a witness the defendants wanted to be present at the trial?

## DECISION

ISSUE ONE.

CONCLUSION. An in camera inquiry by a court into the nature of a confidential informant's information is a proper means of determining whether compulsory disclosure of the informant's identity is required to protect the constitutional rights of an accused. The department of the superior court which conducted such an inquiry before trial, which was not the department before which the defendants were ultimately tried, did not err when it refused to order disclosure.

■ The State's right to protect the identity of confidential informants is recognized by both statute and court rule. RCW 5.60.060(5); CrR 4.7(f)(2). The privilege is based on the premise that anonymity so afforded to citizens will encourage them to communicate their knowledge of crimes to law enforcement officers. *State v. Massey*, 68 Wn.2d 88, 92, 411 P.2d 422 (1966); *State v. Edwards*, 6 Wn. App. 109, 113, 491 P.2d 1322 (1971).

The so-called "informer's privilege" is not unlimited, however, and must give way when required by a constitutional right of the accused.

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro v. United States*, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). *See* Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure* 83 (1971).

An accused seeking disclosure of an informant's identity has the burden of establishing that circumstances exist

which justify an exception to the State's privilege. *State v. Driscoll*, 61 Wn.2d 533, 536, 379 P.2d 206 (1963); *State v. White*, 10 Wn. App. 273, 279, 518 P.2d 245 (1973).

At the pretrial hearing in this matter, witnesses were called by both sides and findings were entered by the court. The court ruled that disclosure of the informant's name was unnecessary to the defense of the case and would endanger the informant.

The defendants claim that the trial court erred by conducting an in camera interrogation of the detective whose affidavit provided the basis for the search warrant. We disagree.

■ Where, as here, the defendants made a preliminary showing that disclosure of the informant was necessary, an in camera interrogation of the police officer was the appropriate means of satisfying the balancing of interests required by *Roviaro*, and is authorized by court rule. CrR 4.7(h)(6). *See also Cook v. King County*, 9 Wn. App. 50, 53, 510 P.2d 659 (1973).

Any of the parties had the right to request that the in camera proceedings be reported by a court reporter following which the reporter's notes or transcript of such proceedings should be effectively sealed and preserved so as to be available to the appellate court in the event of an appeal. CrR 4.7(h)(6). No such record was requested or made in this case. Since we cannot consider matters not in the appellate record, *State v. Armstead*, 13 Wn. App. 59, 65, 533 P.2d 147 (1975), we accept the court's findings covering the in camera hearing.

■ The defendants further claim that the in camera interrogation of the witness violated their constitutional right to confront witnesses against them. This is likewise not well taken. The sixth amendment to the United States Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." The "witnesses" that an accused is entitled to confront are those who give testimony

against him or her at a trial on the issue of guilt or innocence. The confrontation clause does not mandate disclosure of an informant's name. *Cooper v. California,* 386 U.S. 58, 62, 17 L. Ed. 2d 730, 87 S. Ct. 788 (1967); *McCray v. Illinois,* 386 U.S. 300, 305, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967).

Applying the *Roviaro* balancing of interests rule to the record before us, we are of the opinion that the defendants did not make a showing sufficient to justify requiring disclosure of the informant's identity.

ISSUE TWO.

CONCLUSION. The defendants made no showing which would require the trial court to suppress the evidence seized in the search of their apartment.

■ Since the issuance of the search warrant was effectively established, the burden of showing that the search was illegal was on the defendants who sought to impeach it. *United States v. Thompson,* 421 F.2d 373, 377 (5th Cir. 1970), *vacated on other grounds,* 400 U.S. 17, 27 L. Ed. 2d 17, 91 S. Ct. 122 (1970); *LeDent v. Wolff,* 334 F. Supp. 64, 71 (D. Neb. 1971); *United States v. Various Gambling Devices,* 478 F.2d 1194, 1199 (5th Cir. 1973).

■ Probable cause for the issuance of a search warrant may be based on hearsay received from an informant when a reasonable person could conclude that both the information given and the informant are reliable. *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *United States v. Ventresca,* 380 U.S. 102, 108, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *State v. Laursen,* 14 Wn. App. 692, 695, 544 P.2d 127 (1975). The department of the trial court which heard the defendants' motion to suppress the evidence considered the testimony of witnesses called by both parties. It then entered detailed findings upholding the validity of the search warrant and a finding that sufficient facts were shown to establish probable cause for the existence of heroin in the defendants'

apartment on the date of the search. Substantial evidence supports that finding.

■ Officers with a proper search warrant for premises have the right to seize any contraband which they discover while conducting a search within the scope of the warrant. *Coolidge v. New Hampshire,* 403 U.S. 443, 465, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *State v. Helmka,* 86 Wn.2d 91, 542 P.2d 115 (1975). The trial court did not err in refusing to suppress the evidence seized during the search of the apartment.

ISSUE THREE.

CONCLUSION. The State is not a guarantor that a person subpoenaed by the defense will appear for trial.

■ The defendants caused James Harrison, who they claimed to have planted the heroin in their apartment, to be served with a subpoena to appear at a hearing for the purpose of determining whether or not Harrison was a material witness in the case. At such hearing, Harrison testified and was declared by the trial court to be a material witness. Harrison assured the court that he would appear at trial, or when otherwise subpoenaed, and the court did not require that he post a material witness bond. Later, at the omnibus hearing, Harrison was orally ordered by the trial court to honor the defendants' continuing subpoena of him and to appear at the trial. At the time initially set for trial, Harrison did not appear, a bench warrant was issued for him and the court declared a continuance to give the defendants and the State the opportunity to locate Harrison, if possible.[1]

Harrison's fingerprints were identified as being on a container containing heroin removed from the defendants' apartment and an amended information was filed by the State which added Harrison as a codefendant on the charge of possession of heroin against the defendants herein.

---

[1] We note parenthetically that James Harrison was known to the defendants and had been interviewed by their attorney and their investigator, as well as having been subpoenaed by the defendants. Mr. Harrison was neither endorsed as a State's witness nor subpoenaed by the State.

Harrison was never located or arrested on the warrant. The trial court found that it was through no fault of the State that Harrison failed to appear at the trial and declined to dismiss the charges against the defendants. The trial court did not err. The defendants have cited no authority, and we know of none, which mandates dismissal of a criminal case where a witness subpoenaed by the defense fails to appear. Furthermore, Harrison's only claimed connection with the case was in relation to the heroin charge of which the defendants were acquitted.

We affirm.

SWANSON and CALLOW, JJ., concur.