[No. 8048-2-I. Division One. March 24, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. KEVIN POTTER, *Petitioner.*

*Mark D. Mestel* of *Snohomish County Public Defender Association,* for petitioner.

*Russ Juckett, Prosecuting Attorney,* and *Linda S. Antonik, Deputy,* for respondent.

CALLOW, C.J.—Kevin Potter seeks discretionary review of an order denying his motion to discover the identity of a confidential informant. Review is granted.

The controlling issue is whether the trial court erred in refusing to hold an in camera hearing pursuant to CrR 4.7(h)(6) to determine whether the identity of the confidential informant should have been disclosed.

In support of his motion for disclosure, Potter's counsel made the following offer of proof:

1. On June 4, 1979, Kevin Potter was approached by an unknown male and asked if he could procure one ounce of marijuana.

2. This unidentified male turned out to be a police informer (hereinafter referred to as CI).

3. Potter did not make any agreement with CI; rather he directed another person, Chisolm, to CI.

4. Chisolm and CI conducted a conversation outside of the presence of Potter.

5. Chisolm and CI parted company.

6. Potter and CI entered CI's car and drove to a car wash.

7. At the car wash, [an Everett] Police Officer . . . entered the car. [He] was in plain clothes and operating in an undercover capacity.

8. CI drove the three persons to a location at which Chisolm was waiting.

9. Potter did not give CI directions on how to get to said location.

10. Once at said location, Chisolm approached CI's vehicle and handed to [the undercover officer] a closed brown bag.

11. [The undercover officer] announced his identity and placed Potter and Chisolm under arrest for Delivery of a Controlled Substance.

12. Potter denies making any statements to [the undercover officer] concerning the incident.

Potter contends that the identity of the confidential informant should have been disclosed because he may have information that is relevant and helpful or essential to a fair determination of the case, or that, in the alternative, an in camera hearing should have been held to determine

whether the informant's identity should be disclosed. We agree that an in camera hearing should have been held.

In *State v. Harris,* 91 Wn.2d 145, 148, 588 P.2d 720 (1978), the court stated as to the informer's privilege that:

It is recognized in this state by both statute and court rule. RCW 5.60.060(5); CrR 4.7(f)(2). According to the leading United States Supreme Court decision on the informers' privilege, its purpose is to encourage citizens to communicate their knowledge to police in order to further and protect the public interest in law enforcement. *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957) (hereinafter referred to as *Roviaro*). The privilege is not absolute, and if disclosure of an informer's identity "is relevant and helpful to the defense . . . or is essential to a fair determination of the cause, the privilege must give way. In these situations, the trial court may require disclosure". *Roviaro, supra* at 60–61.

The court also stated at page 150:

There is no fixed rule governing disclosure. The court must in each case balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro, supra* at 62. The proper balance must depend on the facts of the particular case, "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro, supra* at 62. Giving consideration to these factors, then, if the court determines that disclosure is relevant and helpful to the defense, or essential to a fair determination of the cause, the court may require disclosure. *Roviaro, supra* at 60–61.

*State v. Joseph,* 21 Wn. App. 510, 586 P.2d 1177 (1978).

■ In *State v. Harris, supra* at 150, the court further noted that

[t]he preferred method for making this determination without prejudicing the rights of either the State or the defendant is for the court to hold an in camera session at which the judge hears the informer's testimony and applies the *Roviaro* standard. This procedure has been

held not to deprive the defendant of his Sixth Amendment rights. . . . Our courts have the power to hold an in camera session under CrR 4.7(h)(6).

(Citations omitted.) *State v. Burleson,* 18 Wn. App. 233, 566 P.2d 1277 (1977).

*Harris* stated that the holding of an in camera hearing is the preferred means of applying the *Roviaro* standard, but did not indicate when such a hearing should be held. CrR 4.7(h)(6) provides: "Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosure, or portion of such showing, to be made in camera." This rule was taken from section 4.6 of the *ABA Standards Relating to Discovery and Procedure Before Trial* (Approved Draft, 1970). As stated in Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure,* Comment to ABA Draft–Discovery § 4.6, at 85 (West Pub. Co. ed. 1971): "This rule does not modify the disclosure requirements themselves. It is rather a device for determining whether there should be disclosure in doubtful cases."

The trial court should apply a relevancy standard in exercising its discretion as to whether to hold an in camera hearing. The court should conduct an in camera hearing if the defendant makes an initial showing that the confidential informant may have evidence that would be relevant to the defendant's innocence. An in camera hearing should not be conducted if the defendant's contention that the informant may have relevant information is based upon speculation, but the trial judge should be aware of the difficulty of explaining "in the abstract why the informant's testimony is crucial." Bewers, *Defendant's Right to a Confidential Informant's Identity,* 40 La. L. Rev. 147, 168 (1979). A relevancy standard for making the determination of whether to conduct an in camera hearing has two bases: (1) the determination of whether evidence is privileged is a judicial function, *Cook v. King County,* 9 Wn. App. 50, 510 P.2d 659 (1973), and (2) conducting an in camera hearing enables the trial court to make an informed determination

as to whether the State's interest in refusing disclosure outweighs the interests of the defendant. *See State v. Harris, supra; Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957).

■ If the trial court determines that an in camera hearing should be held, the State may be present at the hearing and is required to produce the confidential informant. The State has a right to protect the identity of confidential informants. The burden of showing that circumstances exist that would justify setting aside the anonymity of the informant is on the defendant. *State v. Massey,* 68 Wn.2d 88, 411 P.2d 422 (1966); *State v. Driscoll,* 61 Wn.2d 533, 379 P.2d 206 (1963); *State v. Burleson,* 18 Wn. App. 233, 566 P.2d 1277 (1977); RCW 5.60.060(5); CrR 4.7(f)(2). Although some courts permit defense counsel to be present to ask questions, *see, e.g., In re United States,* 565 F.2d 19 (2d Cir. 1977), *cert. denied,* 436 U.S. 962, 57 L. Ed. 2d 1129, 98 S. Ct. 3082 (1978); *United States v. Anderson,* 509 F.2d 724 (9th Cir. 1974), *cert. denied,* 420 U.S. 910, 42 L. Ed. 2d 840, 95 S. Ct. 831 (1975); *see also* Bewers, *supra* at 168, we conclude that defense counsel should be afforded the opportunity to submit written questions to be asked by the trial court if they will not lead to the disclosure of the informant's identity, but that defense counsel should not be present. *People v. Darden,* 34 N.Y.2d 177, 313 N.E.2d 49, 356 N.Y.S.2d 582 (1974).

■ The trial court should consider carefully at the in camera hearing the State's interest against disclosure, including (1) the interest in preserving the free flow of information to law enforcement agencies, (2) whether the informant is currently acting as an informant in other cases, and (3) whether there has been or may be any personal danger to the informant if his or her identity is disclosed. We see no reason for requiring the disclosure of an informant when the evidence that the informant possesses would be cumulative or only tend to prove the defendant's guilt. The trial court should balance these interests against the relative degree of relevance and materiality to the

defendant when considering such factors as the nature of the charge, possible defenses and the facts of the particular case. *See, e.g., State v. Wandix,* 590 S.W.2d 82 (Mo. 1979); *see generally* Annot., 76 A.L.R.2d 262 (1961). Since a record must be made of the in camera hearing upon the request of either party, and the record is required to be sealed and preserved, CrR 4.7(h)(6), *State v. Burleson, supra,* an appellate court can effectively review the trial court's exercise of discretion in applying the balancing test of *Roviaro. See State v. Harris, supra;* Bewers, *supra* at 175–76.

Here, the offer of proof indicates that the confidential informant was closely connected to the transaction. Therefore, the defendant has satisfied the requirement that there be a showing of relevancy and an in camera hearing should have been conducted to apply effectively the *Roviaro* balancing test as stated in *State v. Harris, supra.*

The case is remanded for further proceedings consistent herewith.

WILLIAMS and ANDERSEN, JJ., concur.