[No. 6953–5–I.   Division One.   August 4, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. PHYLLIS
MARIE ALLEN, *Appellant.*

*Robert Wayne* (counsel for appeal only), *Cheri Filion,*
and *Joseph A. Breidenbach,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gregory P. Canova, Deputy,* for respondent.

RINGOLD, J.—The defendant, Phyllis Marie Allen, appeals from a judgment and sentence for possession of narcotics. The sole assignment of error relates to the failure of the trial court to order either disclosure of the State's confidential informant or an in camera hearing.

On February 13, 1978, a confidential informant entered an apartment in Seattle where he observed a sale of heroin by a person named "Tree" and an unidentified third person. On the basis of the informant's observations, on February 14 a search warrant was obtained. The search turned up valium and heroin and the police arrested Ms. Allen and Mr. Rountree, presumably the person previously referred to as "Tree."

Before the criminal motions judge, the defendant moved for disclosure of the confidential informant, but failed to request an in camera hearing. Shortly thereafter the court denied the motion.[1] There was no evidentiary hearing, in camera or otherwise. Thereafter the trial was held before another judge sitting without a jury.

Allen argues that the informant was a material witness; since the State's case against her was based upon constructive possession, any information that might show ownership or possession in another person would be material. When there is a possibility of such testimony, the trial court must at least conduct an in camera hearing to assess the testimony. *State v. Harris,* 91 Wn.2d 145, 588 P.2d 720 (1978); *State v. Burleson,* 18 Wn. App. 233, 566 P.2d 1277 (1977);

---

[1]The record does not reflect whether the court considered holding an in camera hearing. The court took the matter under advisement and later issued an off-the-record ruling. Thus the manner in which the court resolved the issue whether to hold an in camera hearing or to order disclosure is not of record.

*Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957).

Conceding that the informant might be able to testify that another person had actual possession of some of the drugs, the State contends that no case authority makes an in camera hearing mandatory. Further, the State urges that this court cannot decide whether disclosure was improperly denied because at the omnibus hearing counsel failed to request an in camera hearing.

## CONSTITUTIONAL ISSUE

█ Ordinarily an issue raised for the first time on appeal will not be addressed by the appellate court. *State v. Jamison,* 25 Wn. App. 68, 75, 604 P.2d 1017 (1979). When the alleged error is the abridgment of a defendant's constitutional right, however, an appellate court may decide an issue not raised at trial. *State v. Wicke,* 91 Wn.2d 638, 591 P.2d 452 (1979). We first consider whether a defendant's entitlement to disclosure of an informant is of constitutional stature. If so, failure of defense counsel to request a hearing will not foreclose this court from requiring one.

█ The basis of *Roviaro* is that "fundamental requirements of fairness" may require disclosure of a confidential informant.

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

(Footnote omitted.) *Roviaro v. United States, supra* at 60-61.

In an exhaustive analysis, a commentator has noted:

Even if one reads *Roviaro* as based on the Court's supervisory jurisdiction over the lower federal courts,

*Roviaro's* reasoning and language suggest that the decision was constitutionally compelled. Having concluded that the government has a significant interest in preserving the confidentiality of its sources of information to support a federal "informer privilege," the Court found that the scope of such a privilege does not extend so far as to allow concealment of exculpatory testimony. As noted by Westen:[2] "[W]hile the Court defined the scope of the federal privilege on nonconstitutional grounds by weighing the two conflicting interests, one of those interests—giving the defendant the 'right to prepare his defense'—is constitutionally based and would compel the same result on constitutional grounds."

Bewers, *Defendant's Right to a Confidential Informant's Identity,* 40 La. L. Rev. 147, 158–59 (1979). The Fourteenth Amendment constitutional requirement of due process has been equated to basic concepts of fairness. *Ham v. South Carolina,* 409 U.S. 524, 35 L. Ed. 2d 46, 93 S. Ct. 848 (1973); *Washington v. Texas,* 388 U.S. 14, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967); *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963); *Lisenba v. California,* 314 U.S. 219, 86 L. Ed. 166, 62 S. Ct. 280 (1941). A writ of habeas corpus which must be based on a constitutional infringement[3] was granted for failure to order disclosure in *Hernandez v. Nelson,* 298 F. Supp. 682, 685–87 (N.D. Cal. 1968), *aff'd,* 411 F.2d 619 (9th Cir. 1969). *See also United States ex rel. Drew v. Myers,* 327 F.2d 174, 180–81 (3d Cir.), *cert. denied,* 379 U.S. 847, 13 L. Ed. 2d 52, 85 S. Ct. 88 (1964).

On the basis of fairness as a constitutional requirement of the United States Supreme Court in *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963) held

---

[2]Westen, *Confrontation and Compulsory Process: A Unified Theory of Evidence for Criminal Cases,* 91 Harv. L. Rev. 567 (1978).

[3]28 U.S.C. § 2254(a) (1977) provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

that the prosecution's failure to disclose a codefendant's extrajudicial confession was reversible error. The court reemphasized the importance of fairness to our judicial system:

> The principle of *Mooney v. Holohan* [294 U.S. 103, 79 L. Ed. 791, 55 S. Ct. 340, 98 A.L.R. 406 (1935)] is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly.

*Brady v. Maryland, supra* at 87.

CrR 4.7(f)(2) provides that disclosure of the identity of a confidential informant may be required only when "failure to disclose will . . . infringe upon the constitutional rights of the defendant." Yet our Supreme Court has required an in camera hearing for the determination whether disclosure should be required, thus implicitly recognizing the possible infringement of a defendant's constitutional rights by denial of a defense motion to disclose. *State v. Harris, supra.*[4]

For these reasons we hold that the inquiry whether a confidential informant's identity must be disclosed to an accused is clothed in a constitutional mantle. *Hawkins v. Robinson,* 367 F. Supp. 1025 (D. Conn. 1973).

The constitutional due process character of the disclosure issue brings this case into analogical parallel with cases wherein defense counsel has failed at trial to request a CrR 3.5 hearing for the ascertainment of the voluntariness of custodial statements made by the defendant. In *State v. Joseph,* 10 Wn. App. 827, 520 P.2d 635, *review denied,* 84 Wn.2d 1006 (1974), the issue of the voluntariness of

---

[4]It is noteworthy that in *State v. Harris, supra,* the Supreme Court fashioned the rule regarding the in camera hearing even though no request or suggestion had been made by any party to the trial court for such hearing. In *Harris* the issue arose during the course of the cross-examination of a police officer at the trial who testified to the information obtained from a confidential informant which related to the officer's activities in the case. Defense counsel requested the identity of the informant. The trial court denied the request without explanation.

Joseph's custodial statements was raised when the State called an officer to testify regarding custodial statements made to him by the accused. We stated:

> Joseph's trial counsel at no point requested such a hearing, but his failure to do so does not preclude appellate review because a denial of basic constitutional rights is raised in the asserted errors. . . .
>
> The record on appeal does not enable us to determine whether Joseph "knowingly and intentionally" waived a CrR 101.20W [now CrR 3.5] . . . Accordingly, we remand for the purpose of a CrR 101.20W hearing for a judicial determination of "voluntariness." . . . If the trial judge determines that Joseph was not denied his Sixth Amendment right to counsel and that his statements to the detective were given voluntarily and without coercion, the verdict will stand. If not, Joseph will be granted a new trial.

(Citations omitted.) *State v. Joseph, supra* at 831.

Here the issue of disclosure was raised, but an in camera hearing not requested. Because disclosure is a matter of constitutional concern, we hold as in *Joseph* "[the] failure to do so does not preclude appellate review because a denial of basic constitutional rights is raised in the asserted errors."

### IMPORTANCE OF IN CAMERA HEARING

■ We held in *State v. Burleson, supra* at 237:

> Where, as here, the defendants made a preliminary showing that disclosure of the informant was necessary, an in camera interrogation of the police officer was the appropriate means of satisfying the balancing of interests required by *Roviaro,* and is authorized by court rule. CrR 4.7(h)(6).

The trial court had conducted an in camera hearing in *Burleson.* The *Harris* court remanded for an in camera hearing. *Harris,* at 152.

An in camera hearing as a forum for counterposing an asserted privilege against an evidential need is not new to the law, and is a generally acknowledged device for determining whether a privilege is to be honored. In *Jencks v.*

*United States,* 353 U.S. 657, 1 L. Ed. 2d 1103, 77 S. Ct. 1007 (1957), the United States Supreme Court ordered an in camera hearing as a means of determining whether two government witnesses' written reports, allegedly corroborative of their trial testimony, should be disclosed to the defense. In concurrence, Justices Burton and Harlan said:

> [T]he trial court, before disclosing the privileged material to the defendant, [must] pass on the question by examining *in camera* the portions claimed to be privileged. Cf. *Bowman Dairy Co. v. United States,* 341 U.S. 214, 221. There is nothing novel or unfair about such a procedure. According to Wigmore, it is customary.
>
>> ". . . it is obviously not for the witness to withhold the documents upon his mere assertion that they are not relevant or that they are privileged. The question of Relevancy is never one for the witness to concern himself with; nor is the applicability of a privilege to be left to his decision. It is his duty to bring what the Court requires; and the Court can then to its own satisfaction determine by inspection whether the documents produced are irrelevant or privileged. *This does not deprive the witness of any rights of privacy, since the Court's determination is made by its own inspection, without submitting the documents to the opponent's view. . . .*" (Emphasis deleted and supplied.) VIII Wigmore, Evidence (3d ed. 1940), 117–118.

*Jencks v. United States, supra* at 676.

In an analogous situation in a civil action, this court held:

> [I]n cases where governmental privilege is asserted, in camera examination is a function which the judiciary *must* perform. "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *United States v. Reynolds,* 345 U.S. 1, 9, 97 L. Ed. 727, 73 S. Ct. 528, 32 A.L.R.2d 382 (1953).

*Cook v. King County,* 9 Wn. App. 50, 54, 510 P.2d 659 (1973).

Our Supreme Court codified this traditional rule in CrR 4.7(h)(6) which provides:

> Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosure, or portion of such showing, to be made *in camera.* A record

shall be made of such proceedings. If the court enters an order granting relief following a showing *in camera,* the entire record of such showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.

(Italics ours.)

An in camera hearing is a means by which the trial court controls evidence in a lawsuit.[5] In view of the mandate of the constitution, information helpful to possible defenses of a defendant such as entrapment, alibi, mistaken identity, lack of sufficient knowledge on the part of the accused whose knowledge is an element of the crime all require disclosure unless the governmental privilege is overwhelming. When a confidential informant has contributed in some way to the State's case, and the defendant makes the requisite showing of relevance, such a hearing is necessary for the protection of the defendant's due process rights.

Next we consider the showing that must be made by the defendant, and the showing that was made in this case.

### NECESSITY OF HEARING

An in camera hearing is necessary only when "the defendant makes an initial showing that the confidential informant may have evidence that would be relevant to the defendant's innocence." *State v. Potter,* 25 Wn. App. 624, 628, 611 P.2d 1282 (1980).

Since Allen was the renter of the apartment, and drugs were found in more than one room, the State has made out a prima facie case of constructive possession.[6] *State v. Chakos,* 74 Wn.2d 154, 443 P.2d 815 (1968). The burden then is on the defendant to produce evidence rebutting

---

[5]Since a record *must* be made the appellate court can effectively review the trial court's determination.

[6]The issue of whether knowledge is an element of the crime of possession of narcotics, which the State is required to prove beyond a reasonable doubt, is not before us. *Compare State v. Weaver,* 24 Wn. App. 83, 600 P.2d 598 (1979) *and State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979) *with State v. Hartzog,* 26 Wn. App. 576, 615 P.2d 480 (1980).

such possession. *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966). If she can show that her possession was unwitting, lawful, or otherwise excusable, she will have made out a defense. *State v. Morris, supra.* The informant may know facts relevant to the character of Rountree's possession. Of course, if Rountree had sole ownership of the contraband, Allen's defense of unwitting possession would be materially benefited. Allen has met the relevancy test for requiring an in camera hearing. *State v. Potter, supra. Potter* prescribes the procedures to be followed at such hearing. *Potter,* at 628–29.

We remand this case for an in camera hearing.

> [T]he judge will decide whether disclosure of the identity would have been relevant and helpful to appellant or essential to a fair determination of the cause. If so, disclosure was erroneously denied at the first trial, and appellant is entitled to a new trial. If not, disclosure was not erroneously denied and appellant's conviction must be affirmed.

*State v. Harris,* 91 Wn.2d 145, 152, 588 P.2d 720 (1978).

DURHAM–DIVELBISS, J., concurs.

DORE, J. (dissenting)—I would affirm the trial court.

The only issue here is whether this court on appeal should order the trial court to hold an in camera hearing pursuant to CrR 4.6(h)(6) to determine whether the identity of the confidential informant should have been disclosed.

I believe that a restatement of the facts would be helpful in order to put this matter in perspective.

This case was tried nonjury in Superior Court, on stipulated statements and affidavits and with a total *absence of oral testimony.* A motion for disclosure of the informant's name was made and denied. There was no request for an in camera hearing at the trial level and that issue is raised for the first time on appeal. It is defendant's contention on appeal that there can be no waiver of her request for an in camera hearing for the reason that it is mandatory in all

cases of this nature, based upon the constitutional requirement, amendment 6, guaranteeing the right to a defendant in a criminal case to be confronted by witnesses.

The arrest of the defendant, Phyllis Allen, took place in her apartment on February 14, 1978, at 9:10 a.m. The arrest was made by the Seattle Police upon a probable cause search warrant, based on information given by an informant. When the police broke into the apartment by use of force they found three individuals, the defendant, Phyllis Allen, who was in bed, a Sheila Lomax, who was sleeping on the couch in the living room, and a man named Rountree.

The findings of fact signed by the trial court describes the following drugs that were recovered from the apartment: (1) in the bedroom was found a plastic bag containing one yellow rolled–up balloon (0.3 grams of heroin); (2) nine rolled–up balloons were found on the ground outside a broken window of the apartment and directly beneath it; they were later analyzed and found to contain a total of 2.4 grams of powder containing heroin; (3) in a jewelry case on top of the bedroom dresser was found one blue pill and one red balloon; the pill and the contents of the balloon were later analyzed and found to contain diazepam and 0.3 grams of powder containing heroin; (4) inside the top drawer of said dresser was found a foil package containing 39 blue pills; these were later analyzed and found to contain diazepam; (5) inside a closet adjoining the bedroom was found a blue overnight case containing balloons, packaging equipment, a prescription bottle of brown powder, and a plastic vial of tan powder; and (6) in the closet was found a paper sack containing packaging materials and a red can of white powder.

The court also found that heroin and diazepam are controlled substances.

The affidavit for the search warrant on which the probable cause was based, in part, reads as follows:

That on this date, 2–13–78, this informant was inside apartment #215 at 415 Boren Ave. and observed the sale of heroin by the occupant, known to the informant as

"Tree", to another visitor of the premise; that upon the informant's departure from the apartment an additional quantity of heroin remained packaged for sale therein.

In *State v. Potter,* 25 Wn. App. 624, 611 P.2d 1282 (1980), we stated that a trial court should apply a relevancy standard in exercising its discretion as to whether to hold an in camera hearing. In *Potter,* the court stated:

The court should conduct an in camera hearing if the defendant makes an initial showing that the confidential informant may have evidence that would be relevant to the defendant's innocence. An in camera hearing should not be conducted if the defendant's contention that the informant may have relevant information is based upon speculation, but the trial judge should be aware of the difficulty of explaining "in the abstract why the informant's testimony is crucial." Bewers, *Defendant's Right to a Confidential Informant's Identity,* 40 La. L. Rev. 147, 168 (1979). A relevancy standard for making the determination of whether to conduct an in camera hearing has two bases: (1) the determination of whether evidence is privileged is a judicial function, *Cook v. King County,* 9 Wn. App. 50, 510 P.2d 659 (1973), and (2) conducting an in camera hearing enables the trial court to make an informed determination as to whether the State's interest in refusing disclosure outweighs the interests of the defendant. *See State v. Harris,* [91 Wn.2d 145, 588 P.2d 720 (1978)]; *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957).

If the trial court determines that an in camera hearing should be held, the State may be present at the hearing and is required to produce the confidential informant. The State has a right to protect the identity of confidential informants. The burden of showing that circumstances exist that would justify setting aside the anonymity of the informant is on the defendant. *State v. Massey,* 68 Wn.2d 88, 411 P.2d 422 (1966) . . .

The trial court should consider carefully at the in camera hearing the State's interest against disclosure, including (1) the interest in preserving the free flow of information to law enforcement agencies, (2) whether the informant is currently acting as an informant in other cases, and (3) whether there has been or may be any personal danger to the informant if his or her identity is

disclosed. We see no reason for requiring the disclosure of an informant when the evidence that the informant possesses would be cumulative or only tend to prove the defendant's guilt. The trial court should balance these interests against the relative degree of relevance and materiality to the defendant when considering such factors as the nature of the charge, possible defenses and the facts of the particular case. *See, e.g., State v. Wandix,* 590 S.W.2d 82 (Mo. 1979); *see generally* Annot., 76 A.L.R.2d 262 (1961).

*State v. Potter, supra* at 628–30.

After reading the record, including the affidavits, it is clear that the informant is not possessed of any evidence that would be relevant to the defendant Allen's innocence, other than pure speculation.

It is true that the informant was in the apartment the day before and witnessed the transaction wherein a man called "Tree" (there is no indication that this is the defendant Rountree) sold drugs to a third party. However, there was no testimony or inference from any of the information that he was in the defendant Allen's apartment the following day, February 14, or that he had any knowledge of the whereabouts of drugs in six different locations on the premises, all located in such areas and in such places indicating that they were in the possession of the resident of the apartment, the defendant herein. The charge against the defendant Allen is the *possession* of drugs, not the *sale* of drugs, and there is no showing how informant could possibly have any information concerning such possession. In order to exonerate the defendant Allen, the informant would have to testify that the man "Tree" was in fact the defendant Rountree, and that Rountree, not defendant Allen, had exclusive and sole possession of the drugs. There is not a shred of evidence that the informant could so testify. I must conclude that the trial judge had substantial evidence of irrelevancy and pure speculation upon which he based his decision, denying the defendant's motion to suppress evidence.

However, even if there was evidence that would make a prima facie showing that the informant might testify to matters favorable to the defendant, nonetheless this appellate court should deny the defendant's request for an in camera hearing. No request was ever made of the trial court for an in camera hearing but was raised for the first time on appeal. The defendant clearly waived his right to such a hearing and there is no justification for this court to even consider the matter at this stage of the proceedings. The majority endeavors to skirt the issue of waiver by saying that a defendant has a constitutional right to an in camera hearing on the basis of fairness as a constitutional requirement of the United States Supreme Court in *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). I can find no case law to substantiate such a holding. The cases that defendant cites merely say that an in camera proceeding is a proper method for the trial judge to use in determining whether the informant's testimony would be relevant and helpful to the defendant. However, even if the trial judge finds that such testimony would be relevant and helpful to the defendant, nonetheless upon balancing the interests of the help to the defendant against the interests of the public in not disclosing the informant's name and his testimony, the trial judge can refuse to divulge the informant's name and not make the informant available for testimony. Thus, it is clear that even in the case of relevance and helpfulness to the defendant, the informant's name and testimony can be suppressed. Such rulings have been upheld by the appellate courts, so obviously a defendant has no constitutional right to secure an informant's name and testimony, let alone the right of a defendant to secure an in camera hearing, which is merely a technique to secure information.

I would affirm.

Reconsideration denied September 26, 1980.

Review denied by Supreme Court December 19, 1980.