[No. 15396-0-I.   Division One.   October 20, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. GLENN
ALVIN FREDRICK, *Defendant*, DALEAN
MONIQUE DOOLAN, *Appellant*.

*Mark W. Muenster* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for respondent.

PEKELIS, J.—DaLean Monique Doolan appeals her conviction for possession of a controlled substance in violation of the Uniform Controlled Substances Act (VUCSA), RCW 69.50.401(d). She alleges that the trial court erred in denying her motion for an in camera hearing regarding the State's confidential informant, in admitting testimony about the possession of cocaine in violation of an order in limine, and in admitting evidence regarding money seized, a "drug dealer's ledger," and typical practices of a drug dealer. Doolan also alleges that she received ineffective assistance of counsel and that the accumulation of errors denied her a fair trial. We disagree with her contentions and affirm the trial court.

On March 22, 1984, Doolan and Glenn Fredrick were each charged by information with one count of VUCSA. Doolan and Fredrick were initially represented by one attorney. At a pretrial hearing on June 5, 1984, their attorney made a motion for an in camera hearing to disclose the identity of the confidential informant whose tip led to the procurement of the warrant resulting in their arrest. The criminal motions judge denied the motion.

On June 7, 1984, the attorney filed motions for severance of defendants, for a continuance, and to withdraw as Doolan's counsel. At a hearing on June 14, 1984, the continuance was granted and new counsel was appointed to represent Doolan. The court did not rule on the motion to sever.

Prior to the commencement of trial, the trial court ruled on defense counsels' motions in limine, denying a motion to exclude money seized at the residence when the search

warrant was executed and granting the motion to exclude evidence of cocaine recovered at the residence. The court denied the renewed motion to disclose the identity of the confidential informant. No motion to sever the defendants was made.

At trial, King County Police Detective Grant Stewart testified that on September 23, 1983, he received information from "a confidential and reliable informant" that there was cocaine and marijuana at a particular address in King County. As a result, Stewart obtained a search warrant which he and other officers executed. Stewart searched the spare bedroom and found on and around a desk papers and documents addressed to both Fredrick and Doolan, a plastic bag of what was later determined to be marijuana, and an Ohaus Triple Beam gram scale commonly used for weighing marijuana for sale. Inside the desk was more marijuana and $530 in cash. Stewart testified that such cash was normally associated with the sale of narcotics. Stewart also found a small green ceramic smoking device either around the desk or in the living room.

In a bedroom, Officer Mark Shaw discovered a purple bag containing two plastic bags of marijuana in addition to women's clothing and jewelry. He also found a letter addressed to Doolan, and her Washington State I.D. card.

Detective Joseph Purcell searched the master bedroom which Fredrick and Doolan shared and which contained the only bed in the residence. In a dresser drawer was a bag of marijuana, a calculator, a bundle of money totaling $3,300, a piece of paper with names and numbers on it, and other papers with Doolan's and Fredrick's names on them. In another dresser drawer was a man's wallet containing a piece of paper with names and telephone numbers on it. A third drawer contained approximately $1,062 and a receipt for that amount with the name "Doolan" on it from a fireplace shop. Purcell also located an assortment of smoking devices in the bedroom and one in the living room.

Over the objection of Fredrick's attorney, Purcell testified that it was typical in drug dealing operations to find

ledgers with individual names, phone numbers, addresses, and/or the amount the person owes or quantities of items the person has purchased. The papers seized, which were characterized as a drug dealer's ledger, were admitted as part of the State's evidence.

Fredrick testified that he had lived at the house for about a year and a half and that Doolan, his girl friend, lived there with him. On September 23, 1983, two other men were also living at the house. Fredrick denied having any knowledge of the contraband seized and also denied ever keeping any marijuana or other controlled substances in the bedroom or in the rest of the house.

Fredrick explained that although he had been unemployed since June 1983, he paid his bills from unemployment benefits and rent and utility payments from the others living with him. The $4,362 in the dresser came from savings and from a 1982 personal injury award and was to be used to pay for remodeling the house.

Doolan testified that on September 23, 1983, she had been living with Fredrick for 3 months. She stated that she never went into the rooms of the renters and had only been in the den or spare room when she had first moved in to store a few papers and some clothes. While Doolan admitted sharing the dresser in the master bedroom with Fredrick, she denied having any knowledge of the marijuana or the other items seized. The jury found Doolan guilty as charged.

Doolan first alleges that the trial court erred in denying her motion for an in camera hearing to determine whether the confidential informant's identity should have been disclosed. Doolan argues that the informant's testimony was relevant and could have exculpated her by placing all of the incriminating evidence seized in Fredrick's exclusive control.

In general, the State is not required to disclose an informant's identity where it is a prosecution secret and the failure to disclose will not infringe upon the constitutional rights of the defendant. CrR 4.7(f)(2); *see* RCW 5.60.060(5).

However,

> [w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Roviaro v. United States,* 353 U.S. 53, 60–61, 1 L. Ed. 2d 639, 77 S. Ct. 623, 628 (1957); *State v. Harris,* 91 Wn.2d 145, 148, 588 P.2d 720 (1978). In such a case, the "preferred method for making this determination . . . is for the court to hold an in camera session at which the judge hears the informer's testimony and applies the *Roviaro* standard.'" *State v. Cleppe,* 96 Wn.2d 373, 382, 635 P.2d 435 (1981) (quoting *Harris,* at 150), *cert. denied,* 456 U.S. 1206 (1982).

However, an in camera hearing is necessary only when the defendant makes the initial showing that the confidential informant may have evidence that would be relevant to his or her innocence. *State v. Allen,* 27 Wn. App. 41, 48, 615 P.2d 526, *review denied,* 94 Wn.2d 1025 (1980); *State v. Potter,* 25 Wn. App. 624, 628, 611 P.2d 1282 (1980). No hearing is necessary if the defendant's reasons for seeking the informant's testimony are only speculative. However, the court should consider the difficulty of explaining in a vacuum why the testimony is crucial and resolve doubt in favor of holding the hearing. *Cleppe,* at 382. The court must in each case balance the public interest in protecting the flow of information with the defendant's right to prepare his or her defense. *Roviaro,* 77 S. Ct. at 628–29; *Harris,* at 150.

Doolan argues that *State v. Cleppe, supra,* supports her request for disclosure. In *Cleppe,* the defendant was charged with possession of a controlled substance. He moved for disclosure of one specific informant, "informant B." As here, constructive possession was a central issue at trial. Cleppe, however, based his request on the fact that according to the affidavit for probable cause, informant B told the affiant that (1) he had been at the house in question, (2) he had observed Cleppe's girl friend use heroin, (3) he had observed an additional quantity of heroin which the

girl friend said belonged to her, and (4) she had said "they" had cocaine for sale. Moreover, there was evidence that Cleppe rented the house to his girl friend and that he lived elsewhere. Based on this showing the court concluded that

> The pivotal question at trial regarding the controlled substances found at the 19th Avenue address involved constructive possession. Informant B may have been able to testify regarding whether the nature of the girlfriend's possession of the drugs was exclusive. His testimony could possibly aid in negating the State's case of constructive possession by Cleppe. Therefore, Cleppe had made a showing of relevancy, and such disclosure as he seeks may be necessary for a fair trial, necessitating a *Roviaro* type hearing in his case.

*Cleppe,* at 382–83.

Doolan, unlike Cleppe, could fashion no specific exculpatory scenario, no doubt because the facts in her case differ significantly from those in *Cleppe.*[1] The informant here apparently claimed only to have seen drugs at the residence, rather than drugs in any one person's possession, as in *Cleppe.* Additionally, Doolan, unlike Cleppe, admitted that she lived at the residence. Finally, there is no independent reason to believe that the informant would be able to assist Doolan in disavowing possession[2] given the fact that 1,249 grams of marijuana and drug paraphernalia were found not only throughout the house, but amidst her personal belongings and in the bedroom which she shared with Fredrick. The trial court did not err in denying the motion for an in camera hearing because Doolan made no showing of the need for disclosure.

Doolan next alleges that the following testimony of Detective Stewart violated the court's ruling in limine excluding evidence of any cocaine recovered at the resi-

---

[1] We decline to follow *State v. Allen, supra,* to the extent that the court impliedly held that in constructive possession cases there is a showing of relevancy per se.

[2] We note that knowledge is not an element of the crime of possession. *Cleppe,* at 378.

dence:

Q. What was your purpose in obtaining [the] warrant?
A. I had received information from a confidential informant and reliable informant that there were not only cocaine but marijuana in that residence.

Detective Stewart's answer to the question did not violate the court's order since the response did not pertain to cocaine actually recovered at the residence. Thus, this case is distinguishable from *State v. Smith*, 189 Wash. 422, 65 P.2d 1075 (1937) and *Osborn v. Lake Wash. Sch. Dist. 414*, 1 Wn. App. 534, 462 P.2d 966 (1969), cited by Doolan, where the testimony elicited directly violated the court's previous ruling.

Doolan next alleges that the trial court erred in admitting the money seized at the residence because the admission violated ER 404(b). However, at trial Doolan's counsel stated only that the State was trying to prejudice the jury, and at no time did he object to admission of the money under ER 404(b) or any other specific rule of evidence. A party may only assign error in the appellate court on the specific ground of evidentiary objection made at trial. *State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985), *cert. denied*, 106 S. Ct. 1208 (1986); *State v. Boast*, 87 Wn.2d 447, 451–52, 553 P.2d 1322 (1976). Thus, Doolan has lost her opportunity for review on this basis.

Similarly, Doolan also contends that the trial court erred in admitting testimony regarding common practices of drug dealers and in admitting papers characterized as a drug dealer's ledger. She appears to base her claim on ER 403 or ER 404(b). However, Doolan's attorney did not object to the admission of this evidence at trial, precluding review on appeal. *State v. Manthie*, 39 Wn. App. 815, 825, 696 P.2d 33, *review denied*, 103 Wn.2d 1042 (1985). Although Fredrick's attorney did object, failure to join in the objection should also preclude appellate review. *See State v. Carter*, 4 Wn. App. 103, 480 P.2d 794 (1971).[3]

---

[3]Fredrick's attorney objected to the testimony on three grounds. The first two

Doolan next asserts that she received ineffective assistance of counsel because at trial her attorney failed to make a motion to sever defendants. She argues that this prejudiced her defense because her attorney was thus unable to effectively argue that certain evidence was not relevant to the issue of her constructive possession.

In order to show that there has been ineffective assistance of counsel requiring reversal of a conviction, the defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Further, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, 2064 (1984); *State v. Jeffries,* 105 Wn.2d 398, 418, 717 P.2d 722 (1986). The reviewing court need not address both prongs of the test if the defendant makes an insufficient showing on one prong. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Strickland,* 104 S. Ct. at 2069–70.

Doolan has not demonstrated that she was prejudiced. First, most, if not all, of the incriminating evidence was sufficiently connected to Doolan that it would have been admitted even if the trials had been severed. Second, this evidence was sufficient to establish her constructive possession. Therefore, she has not shown that she was deprived of a trial whose result is reliable, and Doolan's claim of inef-

---

were for lack of a proper foundation and lack of a proper chain of custody. Even if Fredrick's objection preserved the objection for Doolan, she cannot now assert entirely different reasons for exclusion of the testimony than those argued at trial. *Guloy,* at 422. The third ground for Fredrick's objection at trial was lack of relevance. While ER 403 and ER 404(b) are evidentiary rules grounded in the concept of relevancy as set forth in ER 401, an objection based solely on relevance is insufficient to preserve appellate review on ER 404(b) grounds. *State v. Jordan,* 39 Wn. App. 530, 539, 694 P.2d 47 (1985); *State v. Platz,* 33 Wn. App. 345, 351, 655 P.2d 710 (1982). Logically, an ER 401 objection is also insufficient to preserve appellate review on ER 403 grounds.

fective assistance of counsel must fail.

Given our disposition of the claimed errors, we do not address Doolan's last contention that the accumulated evidentiary errors necessitate a new trial under *State v. Coe,* 101 Wn.2d 772, 789, 684 P.2d 668 (1984) and *State v. Badda,* 63 Wn.2d 176, 183, 385 P.2d 859 (1963).

We affirm the trial court.

SWANSON and WEBSTER, JJ., concur.