[No. 30164-8-III.   Division Three.   August 1, 2013.]

LISA BUHR, *Appellant*, v. STEWART TITLE OF SPOKANE, LLC, ET AL., *Respondents*.

*Mary E. Schultz* (of *Mary Schultz Law PS*), for appellant.

*James M. Kalamon* and *Brook L. Cunningham* (of *Paine Hamblen LLP*) (*Laurence E. Stuart* and *Tonja King* of *Stuart & Associates PC*, of counsel), for respondents.

¶1 SIDDOWAY, J. — Lisa Buhr appeals the summary judgment dismissal of her disability discrimination claims against Stewart Title Company (Stewart Co.), a 51 percent shareholder of her former employer, Stewart Title of Spokane LLC (Stewart Spokane). She argues that the trial

court abused its discretion in denying her motion to extend the discovery cutoff and later erred in dismissing her claims. We find no error or abuse of discretion and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In October 2009, Lisa Buhr sued her former employer, Stewart Spokane, and its 51 percent shareholder, Stewart Co., for disability discrimination and related claims. A case schedule order was issued in early January 2010, setting January 10, 2011 as the discovery cutoff; March 14, 2011 as the trial date; and December 20, 2010 as the last date for filing motions to change the trial date.

¶3 On December 22, 2010, Ms. Buhr filed a motion to continue the trial date. She attributed her tardiness in filing the motion to her understanding that the parties had agreed to jointly request a continuance of all deadlines provided by the case schedule order, only to learn on the afternoon of December 20 (when she had planned to file the joint motion) that the defendants claimed a different understanding. Her motion was clear that the defendants did not agree (or, from her perspective, no longer agreed) to the continuance she was requesting.

¶4 On the day her motion was to be heard, however, the parties filed a joint motion to continue the trial date. This second motion, signed by attorneys for all parties, stated that it was based on a concurrent declaration of Stewart Co. and Stewart Spokane's lawyer. His declaration explained that by agreement of the parties, depositions for material witnesses were set for agreed dates of February 23 and 24 and, otherwise, "[p]er [the parties'] agreement,"

> the parties agreed to an August 2011 trial date, and the issuance of a new Case Scheduling Order, provided, however, the following case scheduling deadlines are closed: (a) Last Date for Joinder of Additional Parties, Amendment of Claims or Defenses; (b) Plaintiff's Disclosure of Lay and Expert Witnesses; (c) Defendant's Disclosure of Lay and Expert Witnesses;

(d) Disclosure of Plaintiff Rebuttal Witnesses; (e) Disclosure of Defendant Rebuttal Witnesses; (f) Last Date for Filing: Motions to Change Trial Date, Note for Arbitration, Jury Demand; and (g) Discovery Cutoff.

Clerk's Papers (CP) at 83.

¶5 When the motion was heard, the lead lawyer appearing for Stewart Co. reiterated that "we were not going to be extending deadlines to amend pleadings or add parties or discovery probably, that we were just going to complete the discovery that had been noted up until that point in time and then at that point the case would close for discovery purposes and we would be dealing with mediating, dispositive motions, and then ultimately trial." Report of Proceedings (RP) (Feb. 11, 2011) at 5-6. When it was her turn to speak, Ms. Buhr's lawyer said that she had a different understanding from her negotiation with other lawyers for the defendants (the defendants were represented by several local and out-of-state lawyers). She characterized the parties as having agreed to extend the deadline for discovery to whatever date would be provided by a newly generated case schedule order, explaining that "obviously one of the problems that we have is the completion of discovery." *Id.* at 6.

¶6 The trial court construed the motion and supporting declaration to have the meaning asserted by Stewart Co. Because Stewart Co.'s lead lawyer insisted that his clients had not contemplated a continuance of the discovery cutoff and that "[t]his is the first I've actually heard of any indication that there may be additional depositions beyond the initial ones scheduled. . . . I'm a little bit at a loss for how to respond," the trial court granted the agreed continuance of the trial date with other deadlines remaining in place. *Id.* at 8. It stated that it would entertain a further motion from Ms. Buhr if, following the February depositions, she still wished to extend the discovery cutoff.

¶7 Ms. Buhr filed a further motion to set a new discovery cutoff in March. Her motion represented that the deposi-

tions conducted in February revealed a need for further discovery, specifically identifying three subject matters: complete production of alarm system records she had requested (Stewart Spokane's stated reason for discharging Ms. Buhr was that she had falsified a time card, a conclusion it based on alarm system records); evidence that Stewart Spokane had paid Ms. Buhr for the hours reported on her time card on the day she was discharged; employee time cards for other employees bearing on whether its stated policy for recording time was consistently followed; and a CR 30(b)(6) deposition needed to determine "the liability and/or connection of Stewart Title Guarantee Company, i.e., the national office as a proper party defendant in this case." CP at 91-93. Stewart Co. and Stewart Spokane resisted the motion, claiming that some of the discovery had already been provided and that Ms. Buhr had previously agreed to "close" most case schedule deadlines, including the discovery cutoff, in exchange for its agreement to continue the trial date.

¶8 In the hearing on her motion, Ms. Buhr again contended that she had a different understanding of the parties' agreement in February to "close" the discovery cutoff. She maintained that "closing" the case schedule deadlines meant only that the deadlines provided by a new case schedule order would be final. The court rejected her explanation of the motion and supporting declaration, stating, "[I]t is clear that the cutoffs were established." RP (Apr. 15, 2011) at 33. Other than ordering Stewart Spokane to produce employee identification information needed by Ms. Buhr to make use of alarm records the company had earlier produced, the court denied Ms. Buhr's motion. *Id.* at 35.

¶9 In June, Stewart Co. moved for summary judgment, arguing that it had no employment relationship with Ms. Buhr and that she had alleged no legal basis on which it could be held liable as Stewart Spokane's 51 percent parent. The trial court granted summary judgment and dismissed her claims against Stewart Co. Its order granting summary

judgment included a finding that there was no just reason for delay and expressly directed entry of judgment. Ms. Buhr timely appealed.

## ANALYSIS

¶10 Ms. Buhr makes two assignments of error. The first is that the trial court abused its discretion in "improperly terminating Ms. Buhr's entitlement to conduct meaningful discovery seven months before the trial date." Br. of Appellant at i. The assignment requires reframing. Ms. Buhr was free to conduct discovery through the January 10 discovery cutoff imposed by the original case schedule order; it was Ms. Buhr who sought a reprieve from the cutoff, identifying her March motion, appropriately, as one to "allow *additional* discovery and *reset* discovery cutoff." CP at 90 (emphasis added) (boldface and capitalization omitted). We analyze her first assignment of error as asserting an abuse of discretion by the trial court in refusing to extend the discovery cutoff.

¶11 The second assignment of error is that the trial court erred in dismissing her claims against Stewart Co.

¶12 We address the assignments of error in turn.

### Refusal To Extend Discovery Cutoff

¶13 As a threshold matter, Stewart Co. argues that Ms. Buhr failed to appeal the trial court's denial of her March motion requesting an extension of time for discovery and we therefore should not consider it. But we will review a trial court order or ruling not designated in the notice of appeal, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice and (2) the order is entered, or the ruling is made, before the appellate court accepts review. RAP 2.4(b). Ms. Buhr argues that the court's refusal to extend discovery prejudicially affected its summary judgment decision. She

may challenge the refusal to extend discovery as a basis for challenging dismissal of her claims against Stewart Co.

¶14  A second threshold argument raised by Stewart Co. is that when a party needs additional discovery to respond to a motion for summary judgment, the only proper way to request that evidence is through a motion complying with CR 56(f). Here, though, the trial court had already denied Ms. Buhr's request for any further discovery by the time Stewart Co.'s motion for summary judgment was filed. While CR 56(f) ordinarily prescribes the method and standard for continuing a summary judgment motion for further discovery, Ms. Buhr reasonably concluded that in this case it was likely pointless for her to seek relief under CR 56(f); filing such a motion might have subjected her to a finding of contempt. It is sufficient for her to challenge the order refusing to extend the discovery cutoff.

¶15  We turn to the merits of Ms. Buhr's argument and the basis for and appropriate standard for extending a discovery deadline. CR 26(f) provides that at any time after commencement of an action the court may direct the parties to appear for a conference on discovery. The court may combine a court-convened conference on discovery with a pretrial conference authorized by CR 16. CR 26(f). Following such a conference, the rule contemplates a court order establishing a plan and schedule for discovery. A schedule for discovery may be altered or amended "whenever justice so requires." CR 26(f).

¶16  Local administrative rules of the Spokane County Superior Court provide for a status conference at a time set by the original case assignment notice, which attorneys of record and any pro se parties must attend. LAR 0.4.1(d). A case schedule order is issued at the status conference to "set the time period between filing and trial and the scheduled events and deadlines for that type of case, as determined to be appropriate by the assigned court department, after consultation with counsel." *Id.* The court's standard case schedule order provides, "IT IS ORDERED that all parties

comply with the foregoing schedule pursuant to Local Rules 0.4.1 and 16." *See* CP at 2014. Among the deadlines addressed by the court's case schedule order for civil cases is the discovery cutoff. Noncompliance with the case schedule order may be sanctioned by the court on its own initiative or on the motion of an affected party. LAR 0.4.1(g)(1), (2).

¶17 Ms. Buhr argues that the standard by which the trial court should have considered her request to extend discovery—and by which we should review its refusal—is dictated by cases addressing a plaintiff's "right of access to the courts . . . includ[ing] the right of discovery authorized by the civil rules, subject to the limitations contained therein," *John Doe v. Puget Sound Blood Ctr.*, 117 Wn.2d 772, 780, 819 P.2d 370 (1991), or cases limiting the trial court's discretion to impose harsh remedies, such as dismissing claims or excluding testimony, in order to remedy a discovery violation. *Blair v. TA-Seattle E. No. 176*, 171 Wn.2d 342, 348, 254 P.3d 797 (2011); *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997). Neither line of cases is apposite.

¶18 The "right of discovery . . . subject to the limitations [of the civil rules]" is not at issue. The case schedule order afforded Ms. Buhr a full year to conduct discovery—and even it was filed three months after she had commenced her action. The trial court never limited her right to engage in discovery; it simply did not extend it.

¶19 This is also not a case like *Blair* or *Burnet*, where a plaintiff has identified material witnesses and is prepared to present their testimony at trial, thereby requiring the court to weigh whether a discovery violation warrants the harsh remedy of depriving the jury of material evidence. Ms. Buhr only hoped that further discovery would produce material evidence supporting her claims.

¶20 This is more like cases in which a party requests a continuance of the trial date due to a claimed inability to prepare for trial. Whether a motion for such a continuance should be granted or denied is a matter of

discretion with the trial court, reviewable on appeal for manifest abuse of discretion. *Trummel v. Mitchell*, 156 Wn.2d 653, 131 P.3d 305 (2006). In exercising its discretion,

> a court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court.

*Id.* at 670-71. In the context of a request to continue the discovery cutoff, a court may also properly consider the purpose of a discovery cutoff date, which is "to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984). A court abuses its discretion when its decision is based on a ground, or to an extent, clearly untenable or manifestly unreasonable. *Trummel*, 156 Wn.2d at 671.

¶21 Here, the trial court considered the fact that Stewart Co. agreed to a five-month continuance of trial based on Ms. Buhr's acceptance of other terms recounted in its lawyer's February declaration, including that "the following case scheduling deadlines are closed: . . . (g) Discovery Cutoff." While Ms. Buhr claims to have had a different understanding of what "closed" meant, the trial court was in a better position than we to decide between the parties' conflicting characterizations. We will not second-guess its reading of the joint motion to continue trial and its supporting declaration, which is reasonable. The trial court was aware that Ms. Buhr and Stewart Spokane had been through administrative proceedings before a lawsuit was filed and that Ms. Buhr obtained some relevant Stewart Spokane documents through those proceedings. Finally, while Ms. Buhr claimed that discovery was made difficult by several substitutions of counsel for the defendants and the demands of

her own lawyer's schedule, she did not provide examples of diligence in requesting earlier discovery that was ignored or frustrated by the defendants. In identifying the additional discovery that she viewed as necessary, only her request for a CR 30(b)(6) deposition was arguably relevant to the dismissal of Stewart Co. that is the subject of this appeal, and even that request did not relate to Stewart Co. but was with a view to asserting a new claim against a different affiliate, Stewart Title Guaranty.

¶22 Ms. Buhr has not demonstrated a manifest abuse of discretion by the trial court in refusing to extend discovery.

¶23 For reasons discussed above and in the unpublished portion of this decision, dismissal of Ms. Buhr's claims against Stewart Co. is affirmed.

¶24 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

KORSMO, C.J., and KULIK, J., concur.