# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHERIE Y. COOK, individually, and CLARK T. COOK, individually and their marital community, | No. 48284-3-II |
| Appellants, | |
| v. | |
| TACOMA MALL PARTNERSHIP, and SIMON PROPERTY GROUP, INC. a Delaware Corporation, and SIMON PROPERTY GROUP, L.P., a Delaware Limited Partnership, and Defendants' successors and assigns, and JOHN DOE 1 through 10, | UNPUBLISHED OPINION |
| Respondents. | |

JOHANSON, J. — We granted Cherie Y. Cook discretionary review of a discovery ruling and order denying reconsideration. Cook argues that the superior court abused its discretion when it prevented discovery as to a party added after the discovery cutoff and requests remand to a different superior court judge with instructions to reopen discovery as to all defendants. We hold that the superior court abused its discretion here when it declined to allow discovery as to a newly added party and denied Cook's reconsideration motion. We reverse and remand with instructions to allow discovery as to the newly added party.

FACTS

I. COMPLAINT FILED AND CASE SCHEDULE ISSUED

In October 2014, Cook sued Simon Property Group Inc. (Simon) for negligence. Cook alleged that in May 2012, an unknown female assailant attacked Cook, attempted to rob her, and knocked her to the ground outside the Tacoma Mall and that a security person, a Simon agent, had witnessed the assailant loitering outside the mall before the attack. According to Cook, these events established that Simon had breached its duty to protect Cook, a business invitee, from foreseeable harm.

Pierce County Superior Court issued an order designating the case for a standard track and setting the case schedule. The deadline for confirmation of joinder of parties, claims, and defenses was February 5, 2015, the discovery cutoff date was August 20, and trial was set for October 8.

A week after Cook filed her complaint, Simon tendered its defense and indemnification to U.S. Security Associates Inc. under a security services contract with U.S. Security and its predecessor, Andrews International Inc.[1] Security agreed to defend and indemnify Simon.

Cook subsequently amended her complaint and added Tacoma Mall Partnership, Tacoma Mall Inc., and Simon Property Group L.P. as defendants.[2] Cook claimed that the "security person was an employee of a company that contracted with [the Mall] to provide security services to the

---

[1] We refer to these two companies, which merged while the security contract was in effect, as "Security."

[2] We refer to Simon, Simon Property Group L.P., Tacoma Mall Partnership, and Tacoma Mall Incorporated collectively as "the Mall."

Mall" and that the security company was "in Chapter 11 bankruptcy proceedings." Clerk's Papers (CP) at 56.

## II. COOK LEARNS OF SECURITY

In late April, the Mall identified Security in its primary witness disclosure. In May, in response to Cook's interrogatories, Tacoma Mall Partnership identified Security as the security contractor when the incident occurred.[3] In July, Cook moved to add Security as a defendant, despite having filed a joinder confirmation in February that stated that she would not seek to join any additional parties. That July joinder motion was stricken.[4]

## III. NEW COUNSEL AND SECURITY JOINED

In July, Cook retained additional counsel and unsuccessfully sought to continue the trial date and extend case deadlines.[5] In support of this request, Cook's original attorney submitted a declaration that he was an 80-year-old solo practitioner in poor health who had suffered several family tragedies in early 2015.

In September, with the benefit of new counsel, Cook again moved for leave to add Security as a defendant and argued that Security's addition would prevent the Mall from avoiding liability

---

[3] The Mall's attorney submitted a declaration that Cook knew about Security as early as the fall of 2014. The Mall's attorney claimed that Cook's attorney said he would not add Andrews as a defendant because the company was bankrupt and that the Mall's attorney advised him that Andrews was not bankrupt. But Cook's first attorney submitted a declaration that he had wanted to add a different security contractor—IPC International Corporation—and did not do so when he learned that that company was bankrupt.

[4] Cook's original attorney apparently withdrew the motion.

[5] Although this first request to continue the trial date was unsuccessful, Cook later renewed her request, and the superior court ultimately granted the continuance motion at a hearing on October 2.

by shifting blame to Security. On September 18, the superior court granted Cook leave to amend her complaint, and Cook subsequently filed a fourth amended complaint naming Security as a defendant. In November, Security answered the fourth amended complaint and asserted affirmative defenses, including that Cook's injuries were caused by intervening events out of Security's control.

## IV. SUMMARY JUDGMENT HEARING AND DISCOVERY RULING

On October 2, the superior court heard argument on the Mall's summary judgment motion. During her argument, Cook noted that she still had not learned the identity of the security guard patrolling the mall when she was attacked. The superior court denied summary judgment and then heard the Mall's argument that the decision to allow Cook to amend her complaint should be reconsidered. The Mall's attorney stated that Cook had known "about [Security] since the beginning of this case, and it's -- I just wonder where this is going to go at this point. Is discovery going to be reopened?" Report of Proceedings (RP) (Oct. 2, 2015) at 37. In response, the superior court stated that it would not reopen discovery.

Cook responded that the rules allowed a new discovery period as to Security and requested that the superior court issue a new case schedule that provided for discovery against Security. In particular, Cook claimed that the Mall had failed to produce knowledgeable deponents so that discovery against Security was necessary. The superior court responded,

> To the extent that's a motion that I can hear today, I am going to deny the motion, and both of you can bring reconsideration for any issue that we've addressed, but . . . it took every bit of energy for me to [deny the Mall's summary judgment motion]. And so I don't know what to tell you [Cook] beyond that, but I've allowed you to amend your complaint.

4

RP (Oct. 2, 2015) at 39. Although the superior court understood that Cook reasonably believed she was entitled to discovery as to the new party, the superior court ruled that there could be no new discovery unless it was outstanding at the time of the summary judgment hearing. There was no motion for discovery sanctions before the superior court. The superior court amended the case schedule to move the trial date from October 2015 to March 2016.

V. RECONSIDERATION OF DISCOVERY RULING

On October 16, 2015, the superior court heard argument on Cook's motion to reconsider the discovery ruling. At the reconsideration hearing, the Mall argued that it would be substantially prejudiced if discovery as to Security were allowed.

In response to Cook's argument that the discovery ruling amounted to an improper sanction under *Burnet v. Spokane Ambulance*,[6] the superior court stated,

> [When I denied the summary judgment motion,] it was all I could do to admit that you have even a simple case. . . .
>> You sort of told me about the *Burnet* factors and how I didn't consider lesser sanctions, I didn't consider your lack of willfulness and the violation, I didn't articulate that there's any kind of prejudice to the defense, and there is none. [But] it seems to me that I could have granted your motion for summary judgment. I could have denied your amendment. I could have done those things, and that would have been a different sanction than simply declaring that in my view the discovery that has been completed and that closed five weeks ago . . . wasn't subject to being reopened.

4 RP at 11. The superior court noted that, in its view, Cook's original attorney had willfully declined to add Security despite knowing about the company for months. According to the superior court, the Mall had "articulated a substantial prejudice . . . in being ready for trial" but having the case "push[ed]. . . four months downstream." 4 RP at 12. The superior court stated

---

[6] 131 Wn.2d 484, 933 P.2d 1036 (1997).

that it had "been more than generous in allowing this case to be prosecuted the way you want it to be prosecuted." 4 RP at 13. Accordingly, the superior court denied Cook's reconsideration motion. Cook sought discretionary review.[7]

## ANALYSIS

### I. DISCOVERY RULING

Cook argues that the superior court abused its discretion when it ruled against allowing discovery as to Security and that the civil rules generally provide for discovery when a party is sued. The Mall responds that the superior court did not abuse its discretion, particularly when Cook caused the situation by delaying filing her motion for leave to amend. We agree with Cook.

### A. APPLICABLE LAW

We review a decision not to extend a discovery cutoff for an abuse of discretion. *Buhr v. Stewart Title of Spokane, LLC*, 176 Wn. App. 28, 33, 308 P.3d 712 (2013). A trial court abuses its discretion when its decision is "manifestly unreasonable" or "exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

After the commencement of an action, parties are generally allowed to obtain discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." CR 26(b)(1). We "liberally construe[ ]" CR 26, which provides for a "right to discovery" without requiring a good cause showing. *Cook v. King County*, 9 Wn. App. 50, 51-52, 510 P.2d 659 (1973).

---

[7] A commissioner of this court granted Cook's petition for discretionary review for "obvious error" under RAP 2.3(b)(1). Ruling Granting Review, *Cook v. Tacoma Mall P'ship, LLC*, No. 48284-3-II, at 11 (Wash. Ct. App. Feb. 16, 2016).

PCLR 3(i) schedules discovery cutoff to occur 28 weeks after the date for confirmation of joinder in standard track cases. Joinder of additional parties is not allowed after the joinder confirmation date unless the superior court orders otherwise "for good cause and subject to such conditions as justice requires." PCLR 19(b). Under PCLR 3(e), the superior court, on a party's motion or by its own initiative, may modify any date in the case schedule other than the trial date "for good cause."

## B. ABUSE OF DISCRETION

Here, Cook requested that the superior court allow discovery because a new party, Security, had been added and because in Cook's view, the Mall had failed to provide knowledgeable deponents so that discovery against Security was necessary. Under CR 26, which is to be liberally construed, after commencement of an action, discovery of "any [unprivileged] matter" relevant to the subject matter of the action is allowed. *Cook*, 9 Wn. App. at 51-52. Thus, Cook had a legitimate expectation that discovery would follow after the trial court allowed her to join and therefore commence an action against a new party to the litigation.

Although the trial court acknowledged that Cook's expectation that she would be entitled to some discovery as to Security was "[not] unreasonable," the superior court declined to allow discovery as to Security, in part because the cutoff had passed. RP (Oct. 2, 2015) at 45, 47. The superior court told Cook that "it took every bit of energy for me to [deny the Mall's summary judgment motion]. And so I don't know what to tell you beyond that, but I've allowed you to amend your complaint." RP (Oct. 2, 2015) at 39.

The superior court's reasoning when it denied Cook's request was that discovery had ended and that the superior court had already favored Cook when it allowed her to amend her complaint

7

and denied summary judgment for the Mall. Dates in the case schedule may be modified "for good cause." PCLR 3(e). Here, the superior court rejected Cook's arguments that the structure of the civil rules and her need for additional discovery against Security were good cause to amend the discovery cutoff date. The superior court's reason for doing so—that it had already indulged Cook with favorable rulings—is untenable. Favorable rulings should not be a trade-off for discovery. Additionally, that the discovery date had passed is an untenable reason to deny discovery because Security was not a party to the scheduling order when the discovery date passed.

The Mall argues that Cook should not be relieved from a self-imposed hardship. But the superior court's decision to allow Cook to amend her complaint meant that the superior court accepted Cook's reasons for not adding Security at an earlier point in the litigation. It was untenable for self-imposed hardship that created the late joinder to be a reason for the superior court to subsequently prevent discovery after allowing joinder. The remedy for a late joinder motion was to deny that motion. But this, the superior court did not do.

The Mall additionally argues that Cook failed to set forth what discovery she hoped to acquire. To the contrary, Cook specifically argued at the summary judgment hearing that she still had not learned the identity of the security person patrolling when she was attacked. And without discovery, Cook could not investigate and fully respond to Security's affirmative defenses.

To hold that the superior court abused its discretion here does not, as the Mall warns, result in a new "per se" rule that whenever a party is joined, discovery must be reopened. Here, the superior court relied on previous favorable rulings and the expiration of a prior scheduling order discovery date to deny discovery as to a newly joined party who asserted affirmative defenses. This ruling was exercised on untenable grounds and for untenable reasons. Accordingly, we hold

that the superior court abused its discretion when it ruled that it would not allow discovery as to Security.

## II. RECONSIDERATION MOTION

The Mall reiterates its reconsideration motion argument that opening discovery as to Security will prejudice the Mall. This argument fails.

We review the denial of reconsideration for abuse of discretion. *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015), *review denied*, 185 Wn.2d 1035 (2016).

Here, as discussed, the superior court abused its discretion, so that the superior court should have granted Cook's reconsideration motion. Rather than doing so, however, the superior court denied reconsideration and stated that the Mall would suffer "substantial prejudice" from being ready for trial but having the case "push[ed] . . . four months downstream." 4 RP at 12. This logic is untenable: at the October 2 hearing, the superior court had granted Cook's motion to continue the trial date and moved the trial from October 2015 to March 2016. Because the superior court had already moved the trial date five months later by the time of the reconsideration hearing, it is unclear how the Mall would have suffered any prejudice.

The Mall's prejudice argument fails, and, as discussed, the superior court's discovery ruling was an abuse of discretion. Thus, we hold that the superior court also abused its discretion when it denied Cook's reconsideration motion.

III.  APPEARANCE OF FAIRNESS

Cook argues for the first time that the superior court judge's comments are evidence of bias so that we should remand the case to a different judge.[8]  We disagree.

The appearance of fairness doctrine requires recusal where the facts suggest a judge is actually or potentially biased.  *Tatham v. Rogers*, 170 Wn. App. 76, 93, 283 P.3d 583 (2012).  Under this doctrine, it is enough to present evidence of actual or potential bias.  *Tatham*, 170 Wn. App. at 95.  The appearance of fairness doctrine is satisfied if a "reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing."  *Tatham*, 170 Wn. App. at 96.  The test for whether a judge's impartiality might reasonably be questioned is objective and assumes that a reasonable person knows and understands all relevant facts.  *Tatham*, 170 Wn. App. at 96 (quoting *Sherman v. State*, 128 Wn.2d 164, 206, 905 P.2d 355 (1995)).  And we presume that the trial court performs its functions regularly and properly without bias or prejudice.  *Tatham*, 170 Wn. App. at 96.

At the October 2 hearing, the judge stated that it took him "every bit of energy" to deny the Mall's summary judgment motion.  RP (Oct. 2, 2015) at 39.  And at the reconsideration hearing, the judge said it was all he could do to admit that Cook had "even a simple case" and that he had

---

[8] Although we agree with the Mall that the superior court's comments do not merit remand to a different judge, we disagree that Cook has waived this issue.  Although a party generally first files a motion for recusal in the trial court before seeking reassignment on appeal, reassignment may be sought for the first time on appeal where the issue raised on appeal is also the basis for the reassignment request.  *State v. McEnroe*, 181 Wn.2d 375, 386-87, 333 P.3d 402 (2014).  Because Cook's request for remand to a different judge is based on comments that the superior court made when it made the discovery ruling and denied her reconsideration motion—both of which decisions Cook now appeals—she may request reassignment for the first time on appeal.

"been more than generous in allowing this case to be prosecuted the way [that Cook] want[ed] it to be prosecuted." 4 RP at 11, 13.

Although perhaps ill considered, these comments do not rise to the level that a reasonable person with knowledge of all relevant facts would reasonably question the superior court judge's impartiality. *See Tatham*, 170 Wn. App. at 96. Cook is correct that the superior court's rationale for denying the request to allow discovery as to Security and in denying reconsideration was erroneous. But we disagree with Cook that the superior court's comments in doing so evince actual or potential bias such that the presumption that the superior court performed its functions regularly and without bias has been overcome. *See Tatham*, 170 Wn. App. at 96. Accordingly, we decline to remand this case to a different judge.

## IV. DISCOVERY OPENED ONLY AS TO SECURITY

Cook argues for the first time in her reply brief that if we agree that the superior court erred, we should remand with instructions to reopen discovery as to all defendants, not just open discovery as to Security. Cook contends that this remedy is necessary because discovery directed to Security may produce evidence that will "further implicate Simon's culpability." Reply Br. of Appellant at 6. We decline to address this argument because it is first raised in a reply brief. *See In re Marriage of Bernard*, 165 Wn.2d 895, 908, 204 P.3d 907 (2009).

No. 48284-3-II

We reverse and remand to the same judge, with instructions to allow discovery as to Security.[9]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

SUTTON, J.

---

[9] Should discovery as to Security reveal facts that require further discovery as to the Mall, our holding should not be construed to foreclose Cook from moving the superior court to reopen discovery under PCLR 3(e).

12