IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LACEY RUDDELL HOYT and JOSHUA ED HOYT, wife and husband and their marital community thereof, | No. 87933-2-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| COUNTY OF SKAGIT, a Washington State County, | |
| Respondent, | |
| and | |
| DEANNIE NELSON MARTIN, individually and as a Court Administrator for SKAGIT COUNTY DISTRICT COURT, a subdivision of Skagit County; KATIE MARTIN and JOHN DOE MARTIN, individually and the marital community thereof; DONNIE LAPLANTE and JANE DOE LAPLANTE, individually and the marital community thereof; and JASON LEWIS and JANE DOE LEWIS, individually and the marital community thereof, | |
| Defendants. | |

DÍAZ, J. — Former employee of Skagit County District Court, Lacey Ruddell

Hoyt, sued Skagit County (the County) for disability discrimination, retaliation, and

wrongful termination. The trial court granted summary judgment in the County's favor and dismissed her suit. Hoyt now brings procedural, evidentiary, and substantive challenges to this decision. We affirm.

## I.    BACKGROUND

Hoyt worked as a services assistant for the Skagit County District Court, beginning in 2014. She suffers from multiple chronic health conditions. Initially, the court regularly approved intermittent requests she had filed under the Family and Medical Leave Act of 1993 (FMLA)[1], many of which she took as leave without pay. But in April 2018, human resources (HR) personnel advised Hoyt that, unless she received prior approval, she had to exhaust her vacation and sick leave balances before taking the FMLA leave as leave without pay. The court did not deny her requests for FMLA leave, instead, it merely informed her about the type of leave it would apply when she requested FMLA leave, consistent with the rule above. She informed her union representative and objected to this alleged change.[2]

---

[1] Family and Medical Leave Act of 1993 (FMLA), P.L. 103-3, Feb. 5, 1993, 107 Stat. 6.

[2] Hoyt claims this alleged change was "contrary to County policy," but nothing in the record shows the County acted contrary to its stated policy. Emails from HR personnel in 2016 relayed a policy stating: "Accrued vacation and sick leave normally will be required to be used in conjunction with FMLA leave to allow for a 'paid' leave." And if employees did not wish to use accrued leave during FMLA, they were required to submit a request to their department head who could then decide whether or not to approve it. The policy was also conveyed in an April 2018 email. Also, FMLA-request forms Hoyt had signed acknowledged: "I may be required to use my paid sick leave as part of my 12 weeks of leave entitlement . . . [or] vacation leave[.]" Thus, at most, the only change was that the court may have begun to enforce the policy more consistently. See Clerk's Papers (CP) at 1000 (where Hoyt states that requiring employees use vacation and sick time for FMLA leave was contrary to "the *practice* for the past 4 years.").

2

Around the same time, the court interviewed Hoyt about a non-work-related shoplifting incident she had self-reported. In March of 2018, a Goodwill security officer detained Hoyt and the store accused her of theft. Although, according to Hoyt, the theft charges were later dismissed, the County terminated her employment in July 2018. Her supervisor, Presiding Judge Warren Gilbert, stated she was terminated for being "untruthful" during the County's internal investigation into the matter in violation of its policy.

Hoyt sued the County in the fall of 2021, claiming it had committed unlawful disability discrimination and retaliation under chapter 49.60 RCW, as well as wrongful termination in violation of public policy. The County moved for summary judgment in September 2024. After two hearings, the court ruled in favor of the County and dismissed the entirety of Hoyt's action in early January 2025. It also denied Hoyt's motion for reconsideration. She timely appeals both orders.

## II.    ANALYSIS

### A.    Hoyt's Motion for Continuance

Hoyt first claims the court abused its discretion by denying her request for a continuance of the County's motion for summary judgment, so that she could complete depositions.

We review a trial court's denial of a CR 56(f) motion for continuance for manifest abuse of discretion. Manteufel v. Safeco Ins. Co. of Am., 117 Wn. App. 168, 175, 68 P.3d 1093 (2003). Such discretion is not abused if (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established

through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact. Kozol v. Dep't of Corr., 192 Wn. App. 1, 6, 366 P.3d 933 (2015); see also Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008) ("A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation.").

The superior court did not abuse its discretion in denying Hoyt's motion on each of these bases. First, in her motion for continuance, Hoyt asserted nothing more than a general need for more time to complete depositions, even though her lawsuit had been pending for over 32 months before the County moved for summary judgment, and even though four additional months elapsed thereafter before the court issued its ruling. That is, she did not meaningfully explain the delay. Thus, the court did not abuse its discretion in finding that she did not offer a good reason for the delay in obtaining the desired evidence.[3]

Second, instead of specifying the evidence she might obtain through additional discovery, Hoyt simply stated in a conclusory fashion that two depositions needed to be completed as well as another deposition from a third HR person. She did not explain what evidence would be established through the additional discovery.

---

[3] Hoyt offers no authority for her proposition there is a good reason for delay if the discovery deadline had not yet passed. See DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Nor has she adduced evidence that, despite her diligence, the County frustrated her attempts, as in Buhr v. Stewart Title of Spokane. Cf. 176 Wn. App. 28, 37, 308 P.3d 712 (2013).

Third, and most critically, Hoyt presented nothing to suggest the evidence she desired would raise a genuine issue of material fact to preclude summary judgment. She simply claimed she needed more information from the people whose depositions were not completed and needed to depose the former HR director because this person had "oversee[n] all matters relevant to [her] termination" and that this person previously worked at the sheriff's office, where Hoyt had also been employed.[4] These assertions provided the court no information as to why delaying consideration of the County's summary judgment was proper.

Therefore, the court did not abuse its discretion by denying her motion for a continuance.

B.     Hoyt's Stricken Declaration

Hoyt next argues the court committed error by striking a declaration she filed in support of her opposition to the County's summary judgment motion, which declaration she concedes was not filed timely.

Before issuing a serious sanction for a discovery violation, such as excluding evidence which was not timely filed, a court abuses its discretion if it does not consider the factors set out by Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997), on the record. Blair v. TA-Seattle E. No. 176, 171

---

[4] In her briefing and at oral argument before this court, Hoyt offered no further explanation about how her desired evidence was material to her claims. See Wash. Ct. of Appeals oral argument, Hoyt v. County of Skagit, No. 87933-2-I (January 13, 2026), at 20 min., 22 sec. through 20 min., 28 sec. video recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2026011282/?eventID=2026011282 (referencing, vaguely, "concerns around the director being the lead person in this matter[.]").

Wn.2d 342, 348-49, 254 P.3d 797 (2011). However, the failure to make proper Burnet findings is harmless error if it does not materially affect the outcome of a case. See Jones v. City of Seattle, 179 Wn.2d 322, 355-56, 314 P.3d 380 (2013). Irrelevant or cumulative evidence does not materially affect the outcome.[5] Id. at 360.

Hoyt filed a supporting declaration four days late, claiming the untimeliness was due to technology issues and a friend's death. The court struck the declaration, stating only: "I'm not inclined to consider [Hoyt's] declaration given that it was untimely, and so I'm not going to consider that [] for purposes of the summary judgment motion." Assuming without holding that the sanction was serious, we hold that striking her declaration without considering the Burnet factors on the record was error.

However, we also hold the error was harmless because the evidence which the court excluded was either cumulative or irrelevant. Hoyt's stricken declaration did not make any factual assertions which were not also stated within her sworn deposition attached to her attorney's timely filed declaration. And, the exhibits she attached to the declaration likewise either restated evidence in the record or were irrelevant to her claims.[6]

---

[5] Cumulative evidence refers, not only to identical evidence, but that which shares the same substance as other evidence. Mut. of Enumclaw Ins. Co. v. Gregg Roofing, Inc., 178 Wn. App. 702, 731, 315 P.3d 1143 (2013).

[6] Specifically, Hoyt attached (a) emails exchanged between county HR and a sheriff in 2014, which do not relate to whether or not she was terminated due to her disability and leave requests; (b) previously approved FMLA-request forms, which also raise no issue as to the County's reason for her termination; (c) paperwork showing the County did not permit her to take her FMLA leave as leave without pay in 2018, which is duplicative of other portions of the record which

Therefore, this assignment of error fails.

C.      Whether the Court Properly Granted Summary Judgment

As to the substance of the County's motion, Hoyt argues the court erred by finding there were no genuine issues of material fact to preclude the dismissal of her three causes of action on summary judgment.

Summary judgment is appropriate where the materials and evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56(c); see Ranger, 164 Wn.2d at 552.  In general, "[o]nce there has been an initial showing of the absence of any genuine issue of material fact, the party opposing summary judgment must respond with more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues." Ruffer v. St. Frances Cabrini Hosp. of Seattle, 56 Wn. App. 625, 628, 784 P.2d 1288 (1990).  The nonmoving party also cannot defend against summary judgment with inadmissible hearsay.  Dunlap v. Wayne, 105 Wn.2d 529, 535-36, 716 P.2d 842 (1986); ER 801(c); CR 56(e).[7]

More specifically, there are three steps involved in our assessment of whether there is sufficient evidence for claims of discrimination, retaliation, or

provide the same or comparable evidence; (d) a union contract, which is immaterial as it just states that the union deferred to the County's leave policy; and (e) a "Skagit County Policies and Procedures Manual" dated from 1996, which plainly fails to create a genuine issue of material fact because it was not necessarily operative when Hoyt made her requests decades later, and is otherwise silent as to whether the leave policy she challenged was permissible.

[7] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and it is inadmissible if it does not fit within an exception. ER 801(c); ER 802.

unlawful termination to survive summary judgment. Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas County, 189 Wn.2d 516, 526-27, 404 P.3d 464 (2017). First, an employee must adduce evidence meeting the elements to make a prima facie case, then the employer must respond with evidence of a lawful reason for its challenged action, and finally, the employee must adduce some evidence its stated reason was a "pretext," or that an impermissible motive for the action remained. Mackey v. Home Depot USA, Inc., 12 Wn. App. 2d 557, 571-72, 459 P.3d 371 (2020).

An employee can satisfy the third step with some evidence the employer's articulated reasons "(1) have no basis in fact, (2) were not really motivating factors for the decision, or (3) were not motivating factors in employment decisions for other employees in the same circumstances." Kirby v. City of Tacoma, 124 Wn. App. 454, 467, 98 P.3d 827 (2004). To raise a question about whether an employer's proffered motivation was pretextual, a litigant must adduce evidence that "necessarily must involve more than mere temporal proximity." Mackey, 12 Wn. App. 2d at 584-85.

Here, for each of Hoyt's claims to survive summary judgment, she had to adduce some evidence the County's proffered reason it terminated her for dishonesty was pretextual, or that it terminated her based on her disability and opposition to its leave policy. We affirm summary judgment in the County's favor because Hoyt has not done so. See Performance Constr., LLC v. Glenn, 195 Wn. App. 406, 415, 380 P.3d 618 (2016) (holding we may affirm an order on summary judgment on any basis supported by the record on appeal).

Assuming without deciding that Hoyt made out a prima facie case on her claims, we hold that the record shows the County responded with evidence it terminated her for a facially legitimate reason—for being untruthful during the investigative interview—and Hoyt does not contest the facts underlying that proffered reason.[8] Cf. Kirby, 124 Wn. App. at 467. In short, the County adduced evidence it had concluded she was untruthful based upon her changing answers and discrepancies between her account and objective security footage. Subsequently, HR personnel sent Judge Gilbert materials to review which Hoyt had provided to support her version of events. Thereafter, Hoyt was notified he decided to terminate her because she had been untruthful during the interview in violation of county policy. In short, the County responded with evidence of a lawful reason for its challenged action.

In response to this showing, Hoyt did not reply with any evidence that reason was pretextual or it nonetheless retained a discriminatory, retaliatory, or unlawful motive. In other words, she produced no evidence she was terminated

---

[8] During an April 19, 2018 investigative interview, the County reviewed security video footage of Hoyt's movements in the Goodwill store, which showed she switched or removed tags on items five or six times and left the store without paying for several things at the bottom of her cart. The video footage was not filed as an exhibit with this court and Hoyt does not contest most, if not all, of the facts it relayed, as stated in the County's summarized notes of the interview. They noted she initially denied switching any tags before stating she had done so for at least one, or maybe several items—but with approval from store employees. Yet Hoyt does not dispute the security video did not show any employees were in conversation with her before or after she was seen removing the tags. She also admitted to switching item tags at her deposition. The County's notes also recounted that she admitted to leaving the store without paying for items, stating she had forgotten them. Then, later, she claimed the cashier had missed them. Yet she does not dispute that the video shows she was the one who pulled items from her cart and gave them to the cashier.

for some reason other than violating County policy, as reported. Critically, she has conceded there is no evidence anyone other than Judge Gilbert made the decision to terminate her, and she acknowledged he did so because she was accused of lying. Her only purported evidence of pretext appears to be that her termination was "in very close proximity [to] the LWOP dispute," but temporal proximity alone cannot defeat summary judgment. Mackey, 12 Wn. App. 2d at 584-85.

In response, Hoyt contends several pieces of evidence raise a dispute which precludes summary judgment, but her arguments are unpersuasive or unsupported. First, she claims handwritten notes taken by her union representative during the investigative interview raise a genuine issue of material fact because the County reported she had answered "no" when asked if she switched tags. In fact, her union representative's notes convey that she stated, "not *in the manner he is saying*." (Emphasis added). This argument is unavailing, not only because that information captures only part of one statement she made and does not purport to document the full interview, but also because it does not serve to contradict that she had initially denied switching tags, and ultimately, they confirm she denied stealing anything.

Second, Hoyt offered "Goodwill employee letters corroborating [her] tag-practice description," which she claims raise a genuine issue of material fact as to whether she knowingly stole things. However, these letters are not in the record before us. Hoyt merely cites a statement from her own deposition that referenced them. Without the letters themselves in evidence, the content of these purported letters is merely hearsay. Dunlap, 105 Wn.2d at 535-36. And she cannot prevail

10

by simply arguing the County "ignor[ed] clear letters from store employees' corroborating [her] statements," in a conclusory manner. Cf. Ruffer, 56 Wn. App. at 628. Likewise, her argumentative characterization about HR's investigation— its decision to contact Goodwill's headquarters about its tag-policy rather than the specific store at issue—does not constitute evidence which raises an issue of fact about its reason for her termination. See id.

In summary, Hoyt did not adduce any admissible evidence which raises a genuine issue of material fact that the County's stated, legitimate reason for her termination was pretext for an unlawful motive. Therefore, she did not meet the necessary burden in order for her claims of discrimination, retaliation, and unlawful termination to survive summary judgment.

D.    Hoyt's Motion for Reconsideration

Finally, Hoyt avers the court abused its discretion by denying her motion for reconsideration.

We review a trial court's denial of a motion for reconsideration for abuse of discretion, including the court's treatment of new or additional evidence presented with that motion. See Martini v. Post, 178 Wn. App. 153, 161-62, 313 P.3d 473 (2013). A court abuses its discretion when its decision is based on untenable grounds or is manifestly unreasonable because it is outside the range of acceptable choices, given the facts. In re Marriage of Fiorito, 112 Wn. App. 657, 664, 50 P.3d 298 (2002).

Hoyt's motion for reconsideration argued that summary judgment was improper because (1) the court had changed its own position about the facts, and

(2) Hoyt had produced new evidence which created a genuine dispute of fact in the form of her union's handwritten notes from an investigative interview with HR.

We conclude it was not manifestly unreasonable to reject these two arguments and deny her motion. As to the first, rather than change its mind, the court expressly stated it did not have time to make a fully-considered ruling during the initial hearing. And it was not an abuse of discretion for the court to conclude her purportedly new evidence was merely a "re-characterization[] of Hoyt's denials, in the face of conflicting video evidence." The union representative's notes did not convey information about the County's motive. Nor did it contravene the evidence in the record supporting its conclusion Hoyt had been untruthful; namely, that she denied shoplifting from Goodwill and given changing answers inconsistent with surveillance footage. Therefore, it was not an abuse of discretion to conclude she had not provided new argument or evidence to change her position on summary judgment.[9]

### III. CONCLUSION

We affirm and award no fees to either party.

_Díaz, J._

WE CONCUR:

_Feldman, J._                              _____, ACJ_

---

[9] Hoyt argues we should award reasonable attorney fees and costs on appeal if we conclude the court erred by dismissing her suit on summary judgment. As we are affirming, no fees are warranted. Also, the County noted Hoyt's briefing on fees cites two cases which do not appear to exist. We have also not been able to locate cases with those names and reporter numbers as stated in her opening brief.