[Nos. 20101-8-I; 21980-4-I. Division One. September 26, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD JAMES VINEY, *Appellant.*

*In the Matter of the Personal Restraint of*
RONALD JAMES VINEY, *Petitioner.*

508

*David Allen, Richard Hansen, Donald Roistacher,* and *Allen & Hansen, P.S.,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan, Deputy,* for respondent.

GROSSE, J.—Appellant Ronald Viney was convicted of second degree assault. He assigns error to the admission of portions of a statement he gave to investigating officers and to certain instructions given to the jury.[1]

Appellant was charged with second degree assault for "shaking" his 2½–month–old son to the extent that it caused serious injury. A CrR 3.5 hearing was scheduled with regard to his statements to the investigating officers. On the day of the hearing defense counsel signed a pre-printed form entitled "Supplemental Omnibus Order" which provided in pertinent part:

---

[1]Appellant also filed a personal restraint petition which was consolidated with this appeal. However, because of our disposition of this case, we need not address the errors asserted in the PRP.

☒ A 3.5 Hearing having previously been scheduled for this day, Counsel for Defendant stipulates that statements of defendants may be admitted at trial without a pretrial hearing. Statements to Det. Daly 7-2-86.

☐ A 3.5 Hearing having previously been scheduled, and the State having determined that no custodial statements will be offered at trial, this hearing is stricken.

☐ A 3.5 Hearing having been previously scheduled, and the State's witnesses not being available for this hearing, and good cause having been shown, it is hereby ordered that said hearing may be held before the trial court.

☐ A 3.5 Hearing having previously been scheduled, and the State's witnesses not being available for this hearing, and good cause *not* having been shown for a continuance of said hearing, it is hereby ordered that no custodial statements of the defendant may be offered by the State at the trial.

At trial, the entire statement made by appellant to the investigating officers was admitted over his objection to the relevance of certain portions of it. Appellant argues that the admission of two portions of his statement was highly prejudicial. One portion of the admitted statement related to the fact that Children's Protective Services directed him to participate in an anger management class solely as a result of the incident for which he was charged. Another portion of the admitted statement to which appellant objects related to questions and answers regarding his temper. The trial court ruled that the stipulation in the supplemental omnibus order foreclosed appellant from challenging the admissibility of any aspect of the statement on any ground.

Appellant assigns error to the trial court's ruling that the stipulation foreclosed him from objecting to the relevance and prejudicial nature of portions of the statement. Appellant argues that he waived only his right to contest the *voluntariness* of the statement; that he did not waive his right to challenge admissibility on other grounds. The State counters that the order is clear on its face and states that appellant waived his right to make *any* challenges to the

admission of the statement. We find the State's position untenable.

In *State v. Myers,* 86 Wn.2d 419, 425, 545 P.2d 538 (1976), the court stated that the purpose of a CrR 3.5 hearing[2]

> is to provide a uniform [pretrial] procedure for the admission of voluntary confessions (as well as other custodial statements, *see State v. Jones,* 65 Wn.2d 449, 455, 397 P.2d 815 (1964)) in a fashion that will prevent the jury from hearing an involuntary confession. The rule's significant impact is that the trial judge resolves the issue of *voluntariness* in the absence of the jury and thus obviates the due process problems that would arise where the jury hears an involuntary confession.

(Italics ours.)

■ A determination that a statement was voluntarily obtained and admissible under CrR 3.5, is not the same as a determination that the statement is otherwise admissible under the Rules of Evidence. A CrR 3.5 hearing is a threshold determination of whether a custodial statement was obtained with proper regard for the defendant's rights. That is, the issue in a CrR 3.5 hearing is constitutional, not evidentiary. The trial court does not address the contents of a statement, but rather addresses the circumstances under which the statement is made. Further analysis at trial of admissibility under the Rules of Evidence is not foreclosed. *State v. Thamert,* 45 Wn. App. 143, 150, 723 P.2d 1204, *review denied,* 107 Wn.2d 1014 (1986).

Here, because the trial court precluded the defendant from challenging the admissibility of any portion of the statement on any grounds solely on the basis of stipulation, the court abused its discretion. The reason given by the court for its ruling was untenable. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971).

---

[2]CrR 3.5 provides in part:

"(a) **Requirement for and Time of Hearing.** When a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold . . . a hearing . . . for the purpose of determining whether the statement is admissible."

 The erroneous admission of evidence is reversible error only if it is reasonably probable that the error materially affected the outcome of the trial. *State v. Aaron,* 49 Wn. App. 735, 745 P.2d 1316 (1987). Appellant's mental state at the time of the incident was the focal point of the trial and hotly contested. Medical evidence indicated the baby was shaken very violently, implying anger. Appellant testified he did not shake his son in a fit of anger, but rather he shook his son to revive him because he appeared to have stopped breathing. We have reviewed the entire record and cannot say that the challenged portions of the statement did not influence the jury and affect the outcome of the trial. Thus, the error was not harmless; the conviction must be reversed and the matter remanded for a new trial.[3]

COLEMAN, A.C.J., and WILLIAMS, J., concur.

---

[3]Because of our disposition of the case on the issue discussed above, we need not reach appellant's remaining assignments of error. However, while we do not reach the issues with regard to appellant's challenge to the assault instruction, we must note that on retrial the assault instruction should reflect the long-standing rule in Washington that a criminal assault requires unlawful force. *See State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984).