2017 NOV 27 AM 8: 55


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75256-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS ALLEN CHRISTIAN, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 27, 2017 |

SCHINDLER, J. — The jury convicted Thomas Allen Christian of two counts of possession of stolen property in the second degree, four counts of identity theft in the second degree, and possession of heroin. Christian seeks reversal, arguing the trial court abused its discretion by not ruling on whether admission of the evidence that Christian used methamphetamine was relevant and more probative than prejudicial.[1] But because the error did not with reasonable probability affect the outcome of the trial, we affirm the convictions.

## FACTS

On May 17, 2015, Jacqueline Prescott noticed a woman in a sports jersey enter the McDonald's bathroom. Prescott placed her purse on the counter while she placed a tissue in the wastebasket. When Prescott turned around, her purse was gone. The

---

[1] Christian does not seek reversal of the jury conviction of possession of a heroin.

purse contained a Bank of America Visa and an Alaska Airlines Visa, $75 cash, medical information, a social security medical card, and driver's license all in her name.

The McDonald's manager called the police. The manager and Anacortes Police Department Officer Jackie Richter reviewed the security camera video. The video shows a woman in a sports jersey, later identified as Kristy Hassenmiller, follow Prescott into the bathroom and then run out of the bathroom "carrying something that she wasn't before."

Prescott reported the two credit cards stolen. On June 27, Prescott received a fraud alert. Bank records showed her credit cards were used to make four separate purchases at Ross and one purchase and several declined transactions at Burlington Coat Factory. Officer Richter obtained the security video from Ross and Burlington Coat Factory. The video shows a young male, later identified as Thomas Allen Christian, taking a credit card out of his wallet for each transaction. Christian has a distinctive tattoo on his right forearm and is wearing black Adidas shoes with three white stripes. The Ross security video shows Hassenmiller nearby.

On June 29, Anacortes Police Officer Scott Ray arrested Christian for an outstanding felony warrant. After Officer Ray told Christian he was under arrest, Christian ran away. As he was running, Christian ran "out of both of his shoes"—black adidas with three white stripes. Officers caught Christian approximately two blocks later. Officer Ray read Christian his Miranda[2] rights. In a search incident to arrest, Officer Ray found two credit cards in the name of "Jacqueline M. Prescott." Christian started crying. Christian told Officer Ray that he "couldn't go to jail" because he took "a

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

bunch of meth" and needed to go to the hospital. Officer Ray arranged for Christian to go to the hospital and collected the adidas shoes on the way back to his patrol car.

Officer Ray later reviewed the video security footage from Ross and Burlington Coat Factory. Officer Ray identified the man in the video as Christian because of the "distinct tattoos on the back of his hands" and the shoes he was wearing.

Officer Richter read Christian his Miranda rights and interviewed him about using the stolen credit cards at Ross and Burlington Coat Factory. Christian said he was in a relationship with Hassenmiller and found a purse in "some bushes." Christian said that when he confronted Hassenmiller about the purse, she told him she stole "an old lady's purse from McDonald's."

Christian admitted he went to Ross and Burlington Coat Factory on June 27 with Hassenmiller. After Officer Richter told him about the security video, Christian said Hassenmiller gave him a credit card to pay for the purchases. Christian said when the card was declined at another store, Hassenmiller told him to throw it away, but he decided to keep it.

On August 27, police officers arrested Christian at Hassenmiller's house. Sergeant Chad Pruiett read Christian his Miranda rights. During a search incident to arrest, Sergeant Pruiett found a metal folding spoon and knife in Christian's pocket with burn marks and "a ground tar substance." Christian told the officers he needed to go to the hospital because he had consumed a "large amount of meth." After the hospital released him, the police took Christian to jail.

The State charged Christian with two counts of possession of stolen property in the second degree, four counts of identity theft in the second degree, and one count of

possession of heroin. Christian pleaded not guilty.

Following a CrR 3.5 hearing on statements Christian made to Officer Ray, Officer Richter, and Sergeant Pruiett, the court concluded the statements were admissible.

Christian filed motions in limine to exclude testimony "from any witness regarding alleged drug use by Mr. Christian" under ER 401 and ER 403. Christian argued the evidence was not relevant and "presents a danger of unfair prejudice that outweighs any possible probative value."

In response, the prosecutor asserted the only evidence of drug use the State planned to offer were "admissions made by the defendant himself and evidence recovered from the defendant." The trial court ruled that if Christian "made statements [as to his drug use] on his own those would be admissible."

The defense theory at trial was that Christian did not know the credit cards were stolen. The State called several witnesses to testify, including Jacqueline Prescott, Officer Ray, Officer Richter, Sergeant Pruiett, and Washington State Patrol Crime Laboratory (WSPCL) forensic scientist Karen Finney. The court admitted into evidence more than 40 exhibits, including the June 27 Ross and Burlington Coat Factory security camera video, still photographs taken from the video, and receipts for the purchases.

The Ross security video shows Christian making four purchases within one hour on June 27. Christian purchases one item at 1:01 p.m. for $47. Christian then selects items from a shopping cart and goes to a different register. The second transaction totals $440 and Christian signs for the amount. Christian then purchases Ray-Ban sunglasses and a purse at the same register. Christian leaves at 1:39 p.m.

The June 27 Burlington Coat Factory security video shows Christian wearing

Ray-Ban sunglasses. At 2:23 p.m., Christian purchases two pillows. At 2:34 p.m., Christian takes a cart full of items to a different register to make a second purchase. Christian slides the card through the reader three times. The card is declined each time. Christian puts the card back in his wallet, takes the pillows, and leaves the store.

Prescott testified she did not make any purchases at Ross or Burlington Coat Factory on June 27 and she did not give anyone permission to use her credit cards.

Officer Ray testified he found credit cards in the name of "Jacqueline M. Prescott" in Christian's wallet. Christian told Officer Ray that he was "in legal possession of [the cards] and . . . the owner knew he had them." Officer Ray testified Christian admitted that he consumed "a bunch of meth" and needed to go to the hospital. The court overruled the relevance objection.

Officer Richter testified that Christian said he knew Hassenmiller "had stolen an old lady's purse from McDonald's." Officer Richter testified Christian told her that Hassenmiller "gave me her card" and he "paid for the stuff" at Ross and Burlington Coat Factory. Christian told Officer Richter that he had "past fraud history" and "kn[e]w that if you get too high of a bill you will get flagged for ID." Christian denied he "ever told Officer Ray that Ms. Prescott had given him permission to use the cards."

Sergeant Pruiett testified he found a "metal folding knife/spoon combination" in Christian's pocket. According to Sergeant Pruitt, the burn marks on the utensil indicated "[h]eating up the heroin to make it more into a liquid base." Sergeant Pruiett testified Christian admitted that he "ingested a large amount of meth" and said that he needed to go to the hospital. The court overruled the defense's relevance objection to Sergeant Pruiett's testimony about Christian's admissions about using methamphetamine.

WSPCL forensic scientist Finney testified the "residue" on the knife and spoon tested positive for heroin.

In closing argument, the defense attorney conceded the State proved beyond a reasonable doubt that Christian was guilty of possession of heroin but argued the State did not prove beyond a reasonable doubt that Christian was guilty of possession of stolen property or identity theft.

The jury found Christian guilty of two counts of possession of stolen property in the second degree, four counts of identity theft in the second degree, and possession of heroin.

## ANALYSIS

Christian contends the trial court erred by admitting the statements he made about using methamphetamine. Christian asserts the evidence was inadmissible under ER 404(b). "A party may assign evidentiary error on appeal only on a specific ground made at trial." State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). An objection to admission of evidence on other grounds does not preserve the issue for appeal. Kirkman, 159 Wn.2d at 926; State v. Fredrick, 45 Wn. App. 916, 922 n.3, 729 P.2d 56 (1986) ("While ER 403 and ER 404(b) are evidentiary rules grounded in the concept of relevancy as set forth in ER 401, an objection based solely on relevance is insufficient to preserve appellate review on ER 404(b) grounds."). Because the record shows Christian did not object to admission of the statements under ER 404(b), we consider only whether the trial court abused its discretion concerning relevance under ER 401 and ER 403.

The admissibility of evidence is within the discretion of the trial court. State v.

Atsbeha, 142 Wn.2d 904, 913-14, 16 P.3d 626 (2001). We review a trial court's ruling on the admissibility of evidence for abuse of discretion. State v. Gould, 58 Wn. App. 175, 180, 791 P.2d 569 (1990). Abuse of discretion is shown only when a trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons. Gould, 58 Wn.2d at 180; State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." ER 401. Under ER 403, the trial court must determine whether probative evidence "is substantially outweighed by the danger of unfair prejudice."

In his motion in limine, Christian argued evidence of his drug use was inadmissible under ER 401 and ER 403. At the hearing on the motions in limine, Christian's attorney told the court the parties disagreed about whether the statements Christian made were admissible. The court ruled, "[N]o other people will be allowed to come in and give their opinion or their testimony as to Mr. Christian's drug use, but if he made statements on his own those would be admissible" because "[t]hose are his statements."

While the statements of a party opponent are admissible under ER 801(d)(2), the court may exclude the evidence as not relevant under ER 401 or more prejudicial than probative under ER 403. See, e.g., City of Seattle v. Heatley, 70 Wn. App. 573, 578-79, 854 P.2d 658 (1993); State v. Allen, 50 Wn. App. 412, 416-17, 749 P.2d 702 (1988). The determination that a statement is "voluntarily obtained and admissible under CrR 3.5 . . . is not the same as a determination that the statement is otherwise admissible under the Rules of Evidence." State v. Viney, 52 Wn. App. 507, 510, 761 P.2d 75

7

(1988).

Because the court did not rule on whether the statements were relevant under ER 401 or more probative than prejudicial under ER 403, we conclude the court abused its discretion by admitting the statements Christian made that he used methamphetamine.

An evidentiary error results in reversal only if the error, within reasonable probability, materially affected the outcome of the trial. State v. Jackson, 102 Wn.2d 689, 695, 689 P.2d 76 (1984). "The improper admission of evidence constitutes harmless error if the evidence is of minor significance in reference to the overall, overwhelming evidence as a whole." State v. Bourgeois, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997).

Here, admission of Christian's statements that he used methamphetamine was of minor significance, and overwhelming evidence supports the jury finding Christian guilty of possession of stolen property in the second degree and identity theft in the second degree.[3]

Evidence of drug use is generally inadmissible as impermissibly prejudicial. State v. Tigano, 63 Wn. App. 336, 344-45, 818 P.2d 1369 (1991). But because the State presented evidence to prove the charge of possession of heroin beyond a reasonable doubt, Christian's two statements about using methamphetamine were of minor significance.

There was overwhelming evidence Christian was guilty of possession of stolen property and identity theft. Christian admitted he knew Hassenmiller stole a woman's

---

[3] Christian does not seek reversal of the conviction for possession of heroin.

purse at McDonald's. Officer Ray found the two credit cards in the name of "Jacqueline M. Prescott" in Christian's wallet. Officer Ray testified Christian said he was "in legal possession of them and . . . the owner knew he had them." Prescott testified she did not give anyone permission to use the credit cards.

The security video from Ross and Burlington Coat Factory show Christian taking a credit card out of his wallet and making several purchases. The Ross security video shows Christian making four separate purchases, first small and then large, at two registers. The Burlington Coat Factory video shows Christian making one small purchase and then attempting to make a large purchase. Because the card was declined three times, Christian could not purchase the other items.

Officer Richter testified Christian admitted he had "past fraud history" and knew that too high of a dollar amount would be flagged for additional identification. Officer Richter testified the purchases Christian made showed he was trying to avoid detection.

We conclude the evidentiary error did not materially alter the outcome of the trial and affirm the jury convictions.

WE CONCUR:

9